## CLAY *et al. v.* SWOPE, Collector.

*(Circuit Court, D. Kentucky. April 9, 1889.)*

1. INTERNAL REVENUE—DISTILLED SPIRITS.
   Plaintiffs deposited distilled spirits in their bonded warehouse in December, 1880, and gave bond under Rev. St. § 3293 to pay the tax within three years from entry. The tax was not paid within three years, and on February 24, 1884, the collector gave them notice to pay the tax as required by section 3184, stating, as in the section provided, that unless the tax was paid within 10 days it would be the collector's duty to collect a penalty of 5 per centum in addition, and interest. By section 3248 the tax attaches as soon as the spirits come into existence. *Held,* that the tax and penalty were due and payable before March 5, 1884.

2. SAME—EXPORTATION.
   Plaintiffs did not pay the tax within the 10 days, and on March 15th the collector gave notice that the tax and penalty were due and unpaid, and unless

paid within 10 days he would distrain and sell the spirits. The penalty was afterwards paid. After March 5th permission to plaintiffs to export the spirits was given, and they gave their bond, and afterwards the spirits were exported. *Held,* that the penalty is imposed on the person for default, and is not a tax or duty on spirits which have been exported, and that the penalty was not discharged by the exportation.

3. SAME.

As the statute creates a lien on all other property of the delinquent, and the same, with a certain exception, may be seized therefor, there is no presumption that plaintiffs were coerced into payment of the penalty by reason of the lien claimed on the spirits about to be exported.

At Law. On demurrer to answer.

Action by Clay & Co. against A. M. Swope, collector of internal revenue.

*Chas. H. Stoll* and *George Du Relle,* for plaintiffs.

*J. C. Wickliffe* and *Thomas C. Bell,* for defendant.

BARR, J. The plaintiffs, Clay & Co., were distillers of whisky in this state, and were compelled to pay, and did pay under protest, to the defendant, Swope, who was then the collector of internal revenue for the district in which the distillery was run, the sum of $174.90 on the 24th of March, 1884, which was 5 per cent. penalty on the tax due on whisky distilled by plaintiffs, and which was exported by them after the tax had been assessed and the notice given of such listing and assessment. This suit is to recover the money thus paid, and the defendant has answered. This answer has been demurred to, and this is the question submitted. The answer alleges that the defendant was the collector of internal revenue from April 16, 1877, to July 5, 1884, of the district in which plaintiffs, Clay & Co., were distillers; that during the month of December, 1880, they (Clay & Co.) distilled and placed in their bonded warehouse 3,888 proof gallons of spirits, for which a tax of 90 cents per gallon was to be paid, and for which they were liable on their bond executed to the United States under section 3293, Rev. St.; that the condition of this bond was to pay said tax within three years from the date of the entry of deposit in the bonded warehouse, and that said entry was not later than December 31, 1880. The answer further alleges that, the plaintiffs having failed to pay the said tax on the spirits within three years from the date of the entry of deposit in bonded warehouse, the commissioner of internal revenue assessed said spirits for the tax of 90 cents a gallon, amounting to $3,499.20, according to law, and forwarded the list to the defendant as collector of internal revenue, to collect of said Clay & Co.; that on the 23d of February, 1884, he, in accordance with the law, and under form known as "No. 17," sent by mail to said firm of Clay & Co. a notice, informing them that said tax of $3,499.20 was due and unpaid, and that unless said tax was paid within 10 days from the mailing of said notice, it would become his duty to collect said tax, with a penalty of 5 per centum additional, and also interest at the rate of 1 per centum per month until paid; that said firm failed to pay said tax within 10 days after the mailing of said notice, and thereby a penalty of 5 per cent. on said tax of $3,499.20 accrued and became due

the United States, and there was a lien on said spirits for said penalty; that, said firm having failed to pay said tax and penalty, the defendant as collector aforesaid, on the 15th of March, 1884, mailed to them a demand notice under form known as "No. 21," notifying said firm that said tax, $3,499.20, and the penalty of $174.90 were due and still unpaid, and that unless the same were paid within 10 days he would distrain and sell said spirits, or enough thereof as would pay the same; that on the 24th of March, 1884, the said firm paid defendant, as collector of the internal revenue, said penalty of $174.90, which he paid into the treasury of the United States. The answer further alleges that by an order issued by the commissioner of the internal revenue after the 5th day of March, 1884, when said penalty had accrued and become due the United States, and there was a lien by law on said spirits for the payment thereof, said firm of Clay & Co. were allowed to export said 3,888 gallons of spirits out of the United States without the payment of said tax of $3,499.20, and that on the 12th of March, 1884, said firm executed a proper transportation bond, and the spirits were subsequently exported out of the United States, and without the payment of said tax of $3,499.20.

It will be seen from this statement of the allegations made by the answer that the demurrer raises the question whether or not the order of the commissioner of the internal revenue, made after March 5, 1884, allowing said firm to export the spirits upon which the tax was due, and the subsequent execution of the proper bond and the exportation of the spirits, released the distillers and the spirits from the payment of the penalty as well as the tax. By the express provision of law the tax upon distilled spirits attaches as soon as it comes into existence. Section 3248, Rev. St. And by another provision of the statute the collector of internal revenue is required, in person or by deputy, within 10 days after receiving the assessment list of taxes from the commissioner of internal revenue, to give notice to the person liable to pay the taxes therein stated, which is to be left at his dwelling or usual place of business, or sent by mail, stating the amount of taxes due, and demanding the payment thereof. The section then declares that "if such person does not pay the taxes within ten days after the service or the sending by mail of such notice, it shall be the duty of the collector or his deputy to collect the said taxes, with a penalty of five per centum additional upon the amount of taxes, and interest at the rate of one per centum a month." If the allegations of the answer are taken as true, clearly both the taxes and the penalty on this whisky were due and payable after the 5th day of March, 1884. See sections 3184, 3293, Rev. St. Indeed, as I read section 3293, the tax on this whisky was due January 1, 1884, which was the end of the three years after the entry of it in the bonded warehouse. It was the duty of the distillers to withdraw the whisky by proper application within the three years, but, if they did not, the tax became due, and what was done by the commissioners of internal revenue and the collector was merely for the purpose of ascertaining the amount of tax due, and notifying the distiller to pay the amount of taxes

when ascertained. The law gave the distiller 10 days after notice within which to pay the tax, and declared if he did not pay within that time he would be subjected to a penalty of 5 per centum on the amount thereof, together with interest at the rate of 1 per centum a month on the amount of the taxes.

But the question remains, what is the effect of the subsequent order of the commissioner of internal revenue, the execution by plaintiffs of the proper transportation bond, and the actual exportation of this whisky out of the United States upon this 5 per cent. penalty? Another part of the statutes in regard to internal revenue provides how distilled spirits upon which all taxes have been paid may be exported out of the United States, and a drawback of 90 cents per proof gallon be obtained. Section 3329, Rev. St., and amendment of May 28, 1880. The next section (3330) provides the mode of withdrawing distilled spirits from distillery bonded warehouses for export out of the United States. The transportation bond executed by Clay & Co. was under the provisions of this section, and the whisky actually exported out of the United States. There is no provision of the statute authorizing either the secretary of the treasury or the commissioner of internal revenue to remit or release the tax or any penalty for the non-payment thereof. The whisky, having been actually exported out of the United States, was no longer subject to the tax because of the constitution of the United States, which prohibited it, but undoubtedly congress has the constitutional right and authority to enact laws which it may deem necessary and proper to secure the collection of the internal taxes which it may constitutionally impose. It may enact laws declaring the mode and manner in which distilled spirits shall be exported, and the time within which the exportation must be made to escape taxation here; this, of course, being a regulation, and not a tax upon spirits exported. In this instance congress has declared that the tax on distilled spirits distilled in the United States shall be paid within three years after the date of the entry in the bonded warehouse, and, if the tax is not paid within that time by the distiller who has given bond for the payment, the commissioner of internal revenue shall ascertain and list the amount of taxes due thereon, and that the collector of internal revenue shall thereafter notify the distiller of the amount of taxes due thereon, and if the tax is not paid within 10 days after the service of the notice, or day of mailing it, then there shall be a penalty collected, in addition to the tax due, of 5 per centum on the amount of tax. This penalty is imposed on the person who is liable for the taxes, because of his personal default in not paying the tax within the time required by law, and it is neither a tax nor duty upon the distilled spirits which were exported out of the United States, and was not discharged by the fact of the exportation. This penalty was not collected by enforcing a lien on the spirits about to be exported, and the question of whether such a lien could be enforced does not arise in this case. The statute in express terms creates a lien on all other property belonging to a person owing these taxes after they become due, and he is notified to pay, and his entire property, except certain exemptions

named, may be seized, and sold by the collector to pay such taxes; hence there is no presumption that plaintiffs were coerced into the payment of this penalty by reason of the lien claimed upon the spirits which were about to be exported. Demurrer should be overruled, and it is so ordered.