UNITED STATES *v.* THOMPSON.

(*Circuit Court, S. D. New York.* November 26, 1889.)

IMMIGRATION—CONTRACT LABORERS—"ARTISTS"—MILLINERS.

    A woman who is engaged as a milliner is not a "professional artist," within the exception of the act of congress prohibiting the immigration of aliens under contract to perform labor. 23 St. 333; 24 St. 415.

At Law. Action to recover penalty.

The defendant employed in France a woman to come to New York and work for him as a trimmer of hats, and paid her passage to this

country. This action was to recover the penalty, $1,000, given by the act of congress (23 St. 333) against any one who should solicit or aid the immigration of any alien under contract to perform labor or service of any kind. The defendant claimed that the person was within the proviso of the fifth section of the act, which excepts, among others, "professional artists;" and, second, that the business of trimmer of hats was a new industry in the United States, and that he was exempt from liability by the proviso of the same section, which excepts from the act "skilled workmen   *   *   *   in or upon any new industry not at present established in the United States."

*Edward Mitchell,* U. S. Atty., and *Abram J. Rose,* Asst. U. S. Atty.
*Adolph L. Sanger,* for defendant.

LACOMBE, J., (*orally.*) There certainly is no question here for the jury, as there is no conflict of testimony. Words not technical, words of common speech, are within the judicial knowledge; and when found in a statute their interpretation is for the court. *Marvel* v. *Merritt,* 116 U. S. 11, 6 Sup. Ct. Rep. 207. It is claimed by the defendant, firstly, that this case is taken out of the operation of this act by the use, in the proviso of the fifth section, of the words "professional artist;" this lady, with whom he contracted in Paris to perform labor or service here, and whose passage he paid, being, as he claims, a "professional artist," within the meaning of that proviso. It is well settled by authority (*Maillard* v. *Lawrence,* 16 How. 251,) that the popular and received import of words furnishes the general rule for the interpretation of public laws. Under this rule, defendant's contention is unsound. Milliners, dress-makers, tailors, cooks, and barbers (some of whom, no doubt, call themselves "artists") are not "artists," within the popular and received import of that word. In the excepting clause or proviso, therefore, there is nothing to relieve the defendant from the operation of this statute. He further contends, however, that he brought this lady to this country as a skilled workwoman, to perform labor upon a new industry, not established in the United States either on the 26th of February, 1885, or on the day when he brought her here. Upon that branch of the case the testimony is wholly insufficient, in my opinion, to establish any such proposition. There is only a single witness called, who has only been in this country for six years, and whose business has been wholly confined to the city of New York. I shall therefore direct a verdict for the government for the full amount, $1,000.

The jury rendered a verdict for the plaintiff in accordance with the direction of the court.