303 U.S. 391 (1938)
HELVERING, COMMISSIONER OF INTERNAL REVENUE,
v.
MITCHELL.
No. 324.
Supreme Court of United States.
Argued January 14, 1938.
Decided March 7, 1938.
CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.
*392 Mr. Edward S. Greenbaum, with whom Solicitor General Reed, Assistant Attorney General Morris, and Messrs. Sewall Key and Lucius A. Buck were on the brief, for petitioner.
Mr. William Wallace for respondent.
*395 MR. JUSTICE BRANDEIS delivered the opinion of the Court.
Revenue Act of 1928, c. 852, § 293, 45 Stat. 791, provides, in dealing with assessment of deficiencies in income tax returns:
"(b) Fraud.  If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected and paid. . . ."
The question for decision is whether assessment of the addition is barred by the acquittal of the defendant on an indictment under § 146 (b) of the same Act for a wilfull attempt to evade and defeat the tax.
The Commissioner of Internal Revenue found that Charles E. Mitchell of New York had, in his income tax return for the year 1929, fraudulently deducted from admitted gross income an alleged loss of $2,872,305.50 from a purported sale of 18,300 shares of National City Bank stock to his wife; that he had fraudulently failed to return the sum of $666,666.67 received by him as a distribution from the management fund of the National City Company, of which he was chairman; and that these fraudulent acts were done with intent to evade the tax. On December 8, 1933, the Commissioner notified Mitchell that there was a deficiency in his tax return of $728,709.84 and, on account of the fraud, a 50 per cent. addition thereto in the sum of $364,354.92.
Mitchell appealed to the Board of Tax Appeals, which sustained the Commissioner's determination. 32 B.T.A. 1093. Upon a petition for review, the Circuit Court of Appeals concluded that there was ample evidence to support the Board's findings that Mitchell had fraudulently made deduction of the loss and that he had fraudulently failed to return the amount received from the management fund; and that, despite the facts hereafter stated, *396 the Board was free to find the facts according to the evidence. It accordingly affirmed the assessment of the deficiency of $728,709.84. But it reversed the Board's approval of the additional assessment of $364,354.92, because of the following facts:
Before the deficiency assessment was made Mitchell had been indicted in the federal court for southern New York under § 146 (b) of the Revenue Act of 1928, which provides:
"Any person . . . who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than 5 years, or both, together with the costs of prosecution."
The first count charged that Mitchell "unlawfully, wilfully, knowingly, feloniously, and fraudulently did attempt to defeat and evade an income tax of, to wit, $728,709.84, upon his net income for 1929." He was tried on the indictment and acquitted on all the counts. The item of $728,709.84 set out in the first count is the same item as that involved in the deficiency assessed; and both arose from the same transactions of Mitchell. But the addition of $364,354.92 by reason of fraud was not involved in the indictment.
The Circuit Court of Appeals held that the prior judgment of acquittal was not a bar under the doctrine of res judicata; and hence it affirmed the assessment of the $728,709.84. But it held that our decisions in Coffey v. United States, 116 U.S. 436, and United States v. La Franca, 282 U.S. 568, required it "to treat the imposition of the penalty of 50 per cent. as barred by the prior acquittal of Mitchell in the criminal action." 89 F. (2d) 873. Mitchell's petition for certiorari to review so much of the judgment as upheld the assessment of the deficiency *397 of $728,709.84 was denied. 302 U.S. 723. The Commissioner's petition to review so much of the judgment as denied the 50 per centum in addition was granted, because of the importance in the administration of the revenue laws of the questions presented and alleged conflict in decisions. 302 U.S. 670.
First. Mitchell contends that the claim for the 50 per cent. is barred by the doctrine of res judicata. He asserts that all the facts and intents requisite to the imposition of the 50 per centum addition to the deficiency were put in issue and determined against the Government in the criminal trial, and that hence, under the doctrine of res judicata the judgment of acquittal bars it from obtaining a second judgment based upon the same facts and intents. Since this proceeding to determine whether the amount claimed is payable as a tax is a proceeding different in its nature from the indictment for the crime of wilfully attempting to evade the tax, the contention that the doctrine of estoppel by judgment applies rests wholly on the assertion that the issues here presented were litigated and determined in the criminal proceeding. Compare Tait v. Western Maryland Ry. Co., 289 U.S. 620, 623. But this is not true.
The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was "merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." Lewis v. Frick, 233 U.S. 291, 302. It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled. Stone v. United States, 167 U.S. 178, 188; Murphy v. United States, 272 U.S. 630, 631, 632. Compare Chantangco v. Abaroa, 218 U.S. *398 476, 481, 482.[1] Where the objective of the subsequent action likewise is punishment, the acquittal is a bar, because to entertain the second proceeding for punishment would subject the defendant to double jeopardy; and double jeopardy is precluded by the Fifth Amendment whether the verdict was an acquittal or a conviction. Murphy v. United States, 272 U.S. 630, 632.
The Government urges that application of the doctrine of res judicata is precluded also by the difference in the issues presented in the two cases; that although the indictment and this proceeding arise out of the same transactions and facts, the issues in them are not the same; that on the indictment the issue was whether Mitchell had "willfully" attempted to "evade or defeat" the tax; that whether he had done so "fraudulently" was not there an issue, United States v. Scharton, 285 U.S. 518; compare United States v. Murdock, 290 U.S. 389, 397; and that in this proceeding the issue is specifically whether the deficiency was "due to fraud." Compare Burton v. United States, 202 U.S. 344, 380. Since there was not even an adjudication that Mitchell did not wilfully attempt to evade or defeat the tax, it is not necessary to decide whether such an adjudication would be decisive also of this issue of fraud. Compare Hanby v. Commissioner, 67 F. (2d) 125, 129.
Second. Mitchell contends that this proceeding is barred under the doctrine of double jeopardy because the 50 per centum addition of $364,354.92 is not a tax, but a criminal penalty intended as punishment for allegedly fraudulent acts. Unless this sanction was intended as punishment, so that the proceeding is essentially criminal, *399 the double jeopardy clause provided for the defendant in criminal prosecutions is not applicable.
1. In assessing income taxes the Government relies primarily upon the disclosure by the taxpayer of the relevant facts. This disclosure it requires him to make in his annual return. To ensure full and honest disclosure, to discourage fraudulent attempts to evade the tax, Congress imposes sanctions. Such sanctions may confessedly be either criminal or civil. As stated in Oceanic Steam Navigation Co. v. Stranahan, 214 U.S. 320, 339:
"In accord with this settled judicial construction, the legislation of Congress from the beginning, not only as to tariff but as to internal revenue, taxation and other subjects, has proceeded on the conception that it was within the competency of Congress, when legislating as to matters exclusively within its control, to impose appropriate obligations and sanction their enforcement by reasonable money penalties, giving to executive officers the power to enforce such penalties without the necessity of invoking the judicial power."
Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense. The question for decision is thus whether § 293 (b) imposes a criminal sanction. That question is one of statutory construction. Compare Murphy v. United States, 272 U.S. 630, 632.
Remedial sanctions may be of varying types. One which is characteristically free of the punitive criminal element is revocation of a privilege voluntarily granted.[2]
*400 Forfeiture of goods or their value and the payment of fixed or variable sums of money are other sanctions which have been recognized as enforcible by civil proceedings since the original revenue law of 1789. Act of July 31, 1789, c. 5, § 36, 1 Stat. 29, 47. In spite of their comparative severity, such sanctions have been upheld against the contention that they are essentially criminal and subject to the procedural rules governing criminal prosecutions. Passavant v. United States, 148 U.S. 214; United States v. Zucker, 161 U.S. 475; Hepner v. United States, 213 U.S. 103; Oceanic Steam Navigation Co. v. Stranahan, 214 U.S. 320; Chicago, B. & Q. Ry. Co. v. United States, 220 U.S. 559, 578; United States v. Regan, 232 U.S. 37; Grant Bros. Construction Co. v. United States, 232 U.S. 647, 660; Murphy v. United States, 272 U.S. 630; Various Items v. United States, 282 U.S. 577; Lloyd Sabaudo Societa v. Elting, 287 U.S. 329, 334.[3]
*401 2. The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud.[4] In Stockwell v. United States, 13 Wall. 531, 547, 551, the Court said of a provision which added double the value of the goods:
"It must therefore be considered as remedial, as providing indemnity for loss. And it is not the less so because the liability of the wrongdoer is measured by double the value of the goods received, concealed, or purchased, instead of their single value. The act of abstracting goods illegally imported, receiving, concealing or buying them, interposes difficulties in the way of a government seizure, and impairs, therefore, the value of the government right. It is, then, hardly accurate to say that the only loss the government can sustain from concealing the goods liable to seizure is their single value, or to assert that the liability imposed by the statute of double the value is arbitrary and without reference to indemnification. Double the value may not be more than complete indemnity. . . .
"The act of 1823 was, as we have seen, remedial in its nature. Its purpose was to secure full compensation for interference with the rights of the United States. . . ."[5]
3. In §§ 276 and 293 it is provided that collection of the 50 per centum addition, like that of the primary tax itself, *402 may be made "by distraint" as well as "by a proceeding in court." If the section provided a criminal sanction, the provision for collection by distraint would make it unconstitutional.[6] Compare Lipke v. Lederer, 259 U.S. 557; Regal Drug Corp. v. Wardell, 260 U.S. 386. See also United States, v. Chouteau, 102 U.S. 603, 611; Boyd v. United States, 116 U.S. 616; Lees v. United States, 150 U.S. 476; United States v. La Franca, 282 U.S. 568. That Congress provided a distinctly civil procedure for the collection of the additional 50 per centum indicates clearly that it intended a civil, not a criminal, sanction. Civil procedure is incompatible with the accepted rules and constitutional guaranties governing the trial of criminal prosecutions, and where civil procedure is prescribed for the enforcement of remedial sanctions, those rules and guaranties do not apply. Thus the determination of the facts upon which liability is based may be by an administrative agency instead of a jury,[7] or if the prescribed proceeding is in the form of a civil suit, *403 a verdict may be directed against the defendant;[8] there is no burden upon the Government to prove its case beyond a reasonable doubt,[9] and it may appeal from an adverse decision;[10] furthermore, the defendant has no constitutional right to be confronted with the witnesses *404 against him,[11] or to refuse to testify;[12] and finally, in the civil enforcement of a remedial sanction there can be no double jeopardy.[13]
4. The fact that the Revenue Act of 1928 contains two separate and distinct provisions imposing sanctions, and that these appear in different parts of the statute, helps to make clear the character of that here invoked.[14] The sanction of fine and imprisonment prescribed by § 146 (b) for wilfull attempts "in any manner to evade or defeat *405 any [income] tax," introduced into the Act under the heading "Penalties," is obviously a criminal one. The sanction of 50 per centum addition "if any part of any deficiency is due to fraud with intent to evade tax," prescribed by § 293 (b), introduced into the Act under the heading "Additions to the Tax," was clearly intended as a civil one. This sanction, and other additions to the tax, are set forth in Supplement M, entitled "Interest and Additions to the Tax." The supplement includes, besides § 293 (b), §§ 291, 292, 293 (a) and 294. Section 291 prescribes a 25 per centum addition for failure to make and file a return; § 292 prescribes interest at the rate of 6 per cent. per annum upon the deficiency from the date prescribed for payment of the tax; § 293 (a), an addition of 5 per centum if the deficiency "is due to negligence, or intentional disregard of rules and regulations but without intent to defraud"; and § 294 prescribes an addition to the tax of 1 per centum per month in case of non-payment. Obviously all of these "Additions to the Tax" were intended by Congress as civil incidents of the assessment and collection of the income tax.[15]
Third. Mitchell insists that Coffey v. United States, 116 U.S. 436, requires affirmance of the judgment; the Government argues that this case is distinguishable, and, if not, that it should be disapproved. The Circuit Court of Appeals, citing Stone v. United States, 167 U.S. 178, 186-189, and later cases, recognized that the rule of the Coffey case "did not apply to a situation where there had been an acquittal on a criminal charge followed by a civil action requiring a different degree of proof"; but *406 construing § 293 (b) as imposing a penalty designed to punish fraudulent tax dodgers "and not as a mere preventive measure," it thought that the Coffey case and United States v. La Franca, 282 U.S. 568, required it "to treat the imposition of the penalty of 50 per cent. as barred by the prior acquittal of Mitchell in the criminal action." Since we construe § 293 (b) as imposing a civil administrative sanction, neither case presents an obstacle to the recovery of the $364,354.92, the 50 per centum addition here in issue.
Reversed.
MR. JUSTICE McREYNOLDS is of opinion that the judgment of the Circuit Court of Appeals should be affirmed.
MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.
NOTES
[1] United States v. Warner Bros. Pictures, Inc., 13 F. Supp. 614 (E.D. Mo.), affirmed on other grounds, 298 U.S. 643; United States v. Donaldson-Schultz Co., 148 Fed. 581 (C.C.A. 4); United States v. Schneider, 35 Fed. 107 (C.C.D. Ore.); Sanden v. Morgan, 225 Fed. 266, 268-69 (S.D.N.Y.)
[2] Typical of this class of sanctions is the deportation of aliens. Fong Yue Ting v. United States, 149 U.S. 698; Low Wah Suey v. Backus, 225 U.S. 460; Zakonaite v. Wolf, 226 U.S. 272; Bugajewitz v. Adams, 228 U.S. 585; Ng Fung Ho v. White, 259 U.S. 276; United States ex rel. Bilokumsky v. Tod, 263 U.S. 149. Disbarment is likewise a sanction of this type. Ex parte Wall, 107 U.S. 265. Compare also Hawker v. New York, 170 U.S. 189, 196, 199-200; Board of Trade v. Wallace, 67 F. (2d) 402, 407 (C.C.A. 7); Farmers' Livestock Commission Co. v. United States, 54 F. (2d) 375, 378 (E.D. Ill.).
[3] See also notes 7 to 13, infra. The distinction here taken between sanctions that are remedial and those that are punitive has not generally been specifically enunciated. In determining whether particular rules of criminal procedure are applicable to civil actions to enforce sanctions, the cases have usually attempted to distinguish between the type of procedural rule involved rather than the kind of sanction being enforced. Thus Hepner v. United States, 213 U.S. 103, 111-112, holding that a verdict may be directed for the Government, and United States v. Regan, 232 U.S. 37, 50, holding that the Government need not prove its case beyond a reasonable doubt, distinguished Boyd v. United States, 116 U.S. 616, and Lees v. United States, 150 U.S. 476, holding that the defendant could not be required to be a witness against himself on the ground that "the guaranty in the Fifth Amendment to the Constitution against compulsory self-incrimination . . . is of broader scope than are the guaranties in Article III and the Sixth Amendment governing trials in criminal prosecutions." 232 U.S. at 50. Compare also Pierce v. United States, 255 U.S. 398, 401.
[4] Taylor v. United States, 3 How. 197, 210; Bartlett v. Kane, 16 How. 263, 274; Cliquot's Champagne, 3 Wall. 114, 145; Dorsheimer v. United States, 7 Wall. 166, 173; Passavant v. United States, 148 U.S. 214, 221. Compare McDowell v. Heiner, 9 F. (2d) 120 (W.D. Pa.), affirmed on opinion below, 15 F. (2d) 1015 (C.C.A. 3); Doll v. Evans, 7 Fed. Cas. No. 3,969 (C.C.E.D. Pa.); Stearns v. United States, 22 Fed. Cas. No. 13,341 (C.C.).
[5] Compare United States v. Claflin. 97 U.S. 546, 552-53.
[6] Even though Congress may not provide civil procedure for the enforcement of punitive sanctions, nothing in the Constitution prevents the enforcement of distinctly remedial sanctions by a criminal instead of a civil form of proceeding. Compare United States v. Stevenson, 215 U.S. 190, with United States v. Regan, 232 U.S. 37, both enforcing the sanction prescribed in 34 Stat. 898. The fact that a criminal procedure is prescribed for the enforcement of a sanction may be an indication that it is intended to be punitive, but cannot be deemed conclusive if alternative enforcement by a civil proceeding is sustained.
[7] Passavant v. United States, 148 U.S. 214; Oceanic Steam Navigation Co. v. Stranahan, 214 U.S. 320; Elting v. North German Lloyd, 287 U.S. 324, 327-28; Lloyd Sabaudo Societa v. Elting, 287 U.S. 329, 334; cf. Hamburg-American Line v. United States, 291 U.S. 420; Osaka Shosen Kaisha Line v. United States, 300 U.S. 98. Compare also San Souci v. Compagnie Francaise de Navigation A Vapeur, 71 F. (2d) 651, 653 (C.C.A. 1); Lloyd Royal Belge, S.A. v. Elting, 61 F. (2d) 745, 747 (C.C.A. 2); Navigazione Libera Triestina v. United States, 36 F. (2d) 631, 633 (C.C.A. 9); Clay v. Swope, 38 Fed. 396 (C.C.D. Ky.). And see cases cited in note 2, supra.

Administrative determination of sanctions imposed by the income tax laws has likewise been upheld. Berlin v. Commissioner, 59 F. (2d) 996, 997 (C.C.A. 2); McDowell v. Heiner, 9 F. (2d) 120 (W.D. Pa.), aff'd on opinion below, 15 F. (2d) 1015 (C.C.A. 3); Board v. Commissioner, 51 F. (2d) 73, 76 (C.C.A. 6); Wickham v. Commissioner, 65 F. (2d) 527, 531-32 (C.C.A. 8); Little v. Helvering, 75 F. (2d) 436, 439 (C.C.A. 8); Bothwell v. Commissioner, 77 F. (2d) 35, 38 (C.C.A. 10); Doll v. Evans, Fed. Cas. No. 3,969 (C.C.E.D. Pa.).
[8] Hepner v. United States, 213 U.S. 103; Four Packages v. United States, 97 U.S. 404, 412; Chicago, B. & Q. Ry. Co. v. United States, 220 U.S. 559, 578. Compare United States v. Thompson, 41 Fed. 28 (C.C.S.D.N.Y.); United States v. Atlantic Coast Line, 182 Fed. 284 (S.D. Ga.).
[9] Lilienthal's Tobacco v. United States, 97 U.S. 237, 265-67, 271; United States v. Regan, 232 U.S. 37; Grant Bros. Construction Co. v. United States, 232 U.S. 647, 660. Compare New York Central & H.R.R. Co. v. United States, 165 Fed. 833, 839 (C.C.A. 1); Grain Distillery No. 8 v. United States, 204 Fed. 429 (C.C.A. 4); Pocahontas Distilling Co. v. United States, 218 Fed. 782, 786 (C.C.A. 4); United States v. Louisville & N. Ry. Co., 162 Fed. 185 (S.D. Ala.), aff'd, 174 Fed. 1021 (C.C.A. 5); St. Louis-S.W. Ry. Co. v. United States, 183 Fed. 770, 771 (C.C.A. 5); United States v. Illinois Central R. Co., 170 Fed. 542, 545-546 (C.C.A. 6); Atchison, T. & S.F. Ry. Co. v. United States, 178 Fed. 12, 14 (C.C.A. 8); Missouri, K. & T. Ry. Co. v. United States, 178 Fed. 15, 17-18 (C.C.A. 8). Compare also Act of March 2, 1799, c. 22, § 71, 1 Stat. 627, 678; Locke v. United States, 7 Cranch 339, 348; Cliquot's Champagne, 3 Wall. 114, 143-44.
[10] Compare United States v. Claflin, 97 U.S. 546; United States v. Zucker, 161 U.S. 475; United States v. Regan, 232 U.S. 37. See also United States v. Baltimore & O.S.W.R. Co., 159 Fed. 33. 38 (C.C.A. 6), modified, 220 U.S. 94; United States v. Louisville & N.R. Co., 167 Fed. 306, 307-308 (C.C.A. 6); United States v. Illinois Central R. Co., 170 Fed. 542, 545 (C.C.A. 6). Compare United States v. Sanges, 144 U.S. 310.

Similarly, if the Government is successful it may recover costs as in other civil suits. Grant Bros. Construction Co. v. United States, 232 U.S. 647, 665. See also United States v. Southern Pacific Co., 172 Fed. 909, 911 (C.C.D. Ore.); United States v. Minneapolis, St. P. & S.S.M. Ry. Co., 235 Fed. 951, 952-953 (D. Minn.).
[11] United States v. Zucker, 161 U.S. 475; Grant Bros. Construction Co. v. United States, 232 U.S. 647, 660.
[12] Compare United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 155. We do not construe Boyd v. United States, 116 U.S. 616, or Lees v. United States, 150 U.S. 476, as holding to the contrary where the sanction involved is remedial, not punitive. See note 3, supra.
[13] Murphy v. United States, 272 U.S. 630; Various Items v. United States, 282 U.S. 577. Compare Egner v. United States, 16 F. (2d) 597 (C.C.A. 3); Wood v. United States, 204 Fed. 55, 57 (C.C.A. 4); United States v. St. Louis-S.W. Ry. Co., 184 Fed. 28, 32 (C.C.A. 5); Slick v. United States, 1 F. (2d) 897, 898 (C.C.A. 7). See also United States v. Three Copper Stills, 47 Fed. 495, 499 (D. Ky.); United States v. Olsen, 57 Fed. 579, 582-586 (N.D. Cal.); Castle v. United States, 17 F. Supp. 515, 518-520 (Ct. Cl.). Compare Hanby v. Commissioner, 67 F. (2d) 125 (C.C.A. 4).
[14] The Board of Tax Appeals said in Mitchell v. Commissioner, 32 B.T.A. 1093, 1136: "A careful study of the two sections convinces us that they are basically different in character and were enacted for wholly different purposes. The language of the two sections differs widely and contemplates situations which may require entirely dissimilar proof."
[15] Section 104 imposes a somewhat similar additional tax of 50 per cent. of the net income in the case of corporations formed or availed of for the purpose of avoiding surtax on their shareholders through improper accumulation of surplus. Compare United Business Corp. v. Commissioner, 62 F. (2d) 754 (C.C.A. 2).