QUESTION: Do the actions of the Department of Health and Rehabilitative Services in civilly attempting to recover payments obtained through fraud provide a defense or otherwise interfere with criminal prosecution?
SUMMARY: The Department of Health and Rehabilitative Services may seek to recover overpayments without fear of jeopardizing the concurrent criminal prosecution for fraud. Section 409.335, F.S., provides that: Whenever it becomes apparent that any person has received any benefits under this chapter to which he is not entitled, either through simple mistake or fraud, the division shall take all necessary steps to recover same . . . . Section 409.325, F.S., makes it a misdemeanor of the first degree to obtain or attempt to obtain welfare assistance through fraud. Existing case law indicates that any evidence of conviction or acquittal in a criminal action is not admissible in a civil suit, and vice versa. In Helvering v. Mitchell, 303 U.S. 391, 397
(1938), the United States Supreme Court approached the problem of the admissibility of an acquittal in a criminal tax evasion case in a subsequent civil suit by the government to recover back taxes. In its decision the court stated: The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was "merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." . . . It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled. . . . The income tax evasion in Helvering, supra, is closely analogous to the fraudulent obtaining of welfare benefits. It seems apparent, therefore, that the Department of Health and Rehabilitative Services may seek to recover overpayments regardless of the result of criminal proceedings. The Supreme Court of Florida also has spoken to the issue of criminal and civil actions based on the same facts. In Carter v. Carter,88 So.2d 153 (Fla. 1956), the court held that evidence of acquittal in a criminal action was not admissible in a civil suit. In that case, a widow was denied the beneficiary rights of an insurance policy because she was found by the preponderance of evidence to have killed her husband. That the widow had been found innocent of murder was held to have been properly excluded at trial, because the burden of proof in that action was beyond a reasonable doubt. Therefore, in light of existing case law, the answer to your question must be in the negative: A civil action to recover overpayments in no way interferes with a corresponding criminal prosecution for fraud.