T.C. Memo. 1996-366

UNITED STATES TAX COURT


FREDERICK E. SLATER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 16898-94, 16899-94.      Filed August 12, 1996.


<u>Harry J. Kaplan</u>, for petitioner.

<u>William D. Reese</u>, for respondent.


MEMORANDUM OPINION


RAUM, <u>Judge</u>:  The Commissioner determined deficiencies in petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax Sec. 6653(b)(1)[1] | Sec. 6661 |
|------|-----------|------------------------------------|-----------|
| 1985 | $ 58,899 | $ 73,407[2] | $14,725 |
| 1986 | 82,667 | 103,029[3] | 20,667 |
| 1987 | 104,190 | 118,559[4] | 25,848 |

This matter is before the Court on the respondent's Motion for Summary Judgment. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the

_____

[1] Sec. 6653(b) above refers to both sec. 6653(b)(1) and (b)(2), which was in effect in 1985, and to sec. 6653(b)(1)(A) and (b)(1)(B), which was in effect in 1986 and 1987.

Sec. 6653(b)(1) provided:

If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.

Sec. 6653(b)(1)(A) provided:

If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of * * * (A) 75 percent of the portion of the underpayment which is attributable to fraud * * * .

Both provisions require that 50 percent of the interest payable under sec. 6601 is due with respect to that portion of the understatement attributable to fraud. Secs. 6653(b)(2)(A), 6653(b)(2).

[2] Plus 50 percent of the interest due on $58,899

[3] Plus 50 percent of the interest due on $82,667.

[4] Plus 50 percent of the interest due on $103,392.

years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner, Frederick E. Slater, resided in Saratoga, California, at the time the petition in this case was filed. On February 18, 1992, the grand jury of Santa Clara County, California, indicted petitioner on three counts of violation of 26 U.S.C. section 7201 (1982) for each of the years 1985, 1986, and 1987. In each count, the grand jury charged petitioner with willfully attempting to evade income tax liability by underreporting the amount of taxes knowingly owed. On November 17, 1992, petitioner was found guilty on all three counts of the indictment. He was sentenced to 4 months' imprisonment and 2 years of supervised release, including 4 months of electronic home detention, and fined $2,300 and "the cost of prosecution in this case", $2,231.

After termination of the criminal proceeding, the IRS attempted to conduct a civil audit of petitioner's income tax returns for the years 1985, 1986, and 1987. Petitioner, through his then-attorney, refused to provide books and records to the auditors and asked that the notice of deficiency be issued immediately. After the present Tax Court cases were docketed, petitioner supplied the books and records to the IRS Appeals Office.

The parties have stipulated that the deficiencies in income tax due from petitioner for 1985, 1986, and 1987 are $614,

$3,781, and $10,224, respectively. The parties also agree that there are no additions to tax due from petitioner pursuant to section 6661 for 1985 and 1986.

1. Section 6653(b)

Section 6653(b) imposes additions to tax on taxpayers who fraudulently understate their income tax liability.[5] The Government has the burden of proving fraud by clear and convincing evidence. Rule 142(b). It has met that burden in this case with proof of Slater's convictions for tax evasion under section 7201[6] for each of the years at issue. See Blohm v. Commissioner, 994 F.2d 1542, 1554 (11th Cir. 1993), affg. T.C. Memo. 1991-636.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Petitioner contends that imposition of the fraud additions, when coupled with the prison time he has served and the fines he has paid, violates the double jeopardy provisions of

---

[5] See note 1.

[6] Sec. 7201 provides:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

the Fifth Amendment. Petitioner's contentions have been recently addressed and rejected in Louis v. Commissioner, T.C. Memo. 1996-257, and Ward v. Commissioner, T.C. Memo. 1995-286. Without recanvassing our complete analysis of the problem in Louis, we think it is sufficient to note that we there called attention to a very recent Ninth Circuit case that dealt with the issue, Grimes v. Commissioner, 82 F.3d 286, 289-290 (9th Cir., Apr. 17, 1996), where it was stated:

> Grimes argues that the imposition of fraud penalties renders the proceeding quasi-criminal. Two recent Supreme Court cases addressing the definition of "punishment" for the purposes of the Double Jeopardy Clause give this argument a superficial appeal. See Department of Revenue v. Kurth Ranch, ___ U.S. ___, ___ , 114 S. Ct. 1937, 1948 (1994) (finding that a Montana state tax on marijuana constitutes punishment); United States v. Halper, 490 U.S. 435 (1989) (the "civil" label does not determine whether a sanction is punishment).
>
> Both of these decisions, however, cite with approval Helvering v. Mitchell, [38-1 USTC ¶ 9152], 303 U.S. 391 (1938), where the Court found the Tax Code's civil fraud penalty remedial in nature and not punitive for double jeopardy purposes. See Kurth Ranch, ___ U.S. ___, ___, 114 S. Ct. at 1946 n. 16; Halper, 490 U.S. at 442-43 * * *   [Fn. ref. omitted.]

And the Sixth Circuit even more recently reached the same result. United States v. Alt, 83 F.3d 779 (6th Cir., May 15, 1996). We reject petitioner's double jeopardy argument.

2. Section 6661

The only year now in controversy to which section 6661 applies is 1987. Section 6661 provides:

(a)  * * * If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement.

(b)(1)(A)  * * * For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of

    (i)  10 percent of the tax required to be shown on the return for the taxable year, or

    (ii)  $5,000.

        *     *     *     *     *     *     *

(b)(2)(B)  * * * The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to

    (i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or

    (ii) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return.

Petitioner has stipulated that he understated his income tax liability for 1987 by $10,224.  The correct liability, as agreed by the parties, was $28,954.  Ten percent of $28,954 is $2,895. The amount of the understatement, $10,224, exceeds the greater of $2,895 or $5,000.  Therefore, under section 6661(b)(1)(A), there has been a substantial understatement.

Petitioner does not dispute that there was a substantial understatement of tax on his return for 1987.  However, he makes two arguments against imposition of the section 6661(a) addition.

First, he contends that imposition of the addition to tax results in double jeopardy. This Court has already decided that double jeopardy does not apply to section 6661(a) additions imposed after criminal conviction pursuant to section 7201. See Miller v. Commissioner, T.C. Memo. 1994-249.

Petitioner's second argument is hard to follow in the light of section 6661(b). He states that his understatement "was the result of a failure of proof as to items of deductions that arose from improper record keeping." At most petitioner appears to be stating that he would have been entitled to additional deductions upon substantiation. However, even if one should accept petitioner's statement as a factual matter, he still would not have a valid defense against the section 6661 addition to tax, and there would not be any genuine issue of triable material fact in this connection.

An order will be issued granting respondent's motion for summary judgment and decisions will be entered under Rule 155.