T.C. Memo. 1997-216


UNITED STATES TAX COURT


KEVIN A. ROBERTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7053-95.                        Filed May 7, 1997.


Kevin A. Roberts, pro se.

<u>Michael D. Baker</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


TANNENWALD, <u>Judge</u>:  Respondent determined deficiencies in
and additions to petitioner's Federal income taxes as follows:

|       |            | Additions to Tax |             |
| Year  | Deficiency | Sec. 6651(f)     | Sec. 6654(a) |
| ----- | ---------- | ---------------- | ----------- |
| 1990  | $23,981    | $17,986          | $1,577      |
| 1991  | 22,695     | 17,021           | 1,306       |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue to be decided is whether respondent's determination of the deficiencies in and additions to income tax violates the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the exhibits attached thereto are incorporated herein by this reference.  Petitioner's mailing address was Philadelphia, Pennsylvania, at the time he filed his petition in this case.

On January 12, 1993, petitioner was indicted on nine counts, involving conspiracy to distribute cocaine, possession with intent to distribute heroin, Federal income tax evasion for failure to file returns for 1990 and 1991,[1] money laundering and aiding and abetting, including the knowing use of the proceeds of

---

[1]  These counts charged that petitioner "did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him * * * by failing to file an individual income tax return" for the calendar years 1990 and 1991.

an unlawful activity with the intent to conceal and disguise the proceeds by utilizing such proceeds to acquire designated property.

On February 5, 1993, petitioner pleaded guilty to all of the above counts.  As part of the plea agreement, petitioner also consented to forfeit to the U.S. Government, under 21 U.S.C. sec. 853(a)(1994), all assets which were derived from proceeds of his illegal drug activities, including but not limited to:  $129,600 U.S. currency seized from petitioner at the time of his arrest, bank deposits maintained in petitioner's name, and several automobiles.

On October 12, 1993, the U.S. District Court for the Eastern District of Pennsylvania entered its judgment pursuant to said guilty pleas.  Petitioner was sentenced to prison for a term of 4 years.  Upon his release from prison, he was to remain under supervised release for varying periods of 3 to 5 years, which were to run concurrently.  The District Court assessed a $50 fine against petitioner, in his criminal case, for each of the nine counts to which he pleaded guilty.

Respondent determined petitioner's gross income to be $72,090 and $68,980 from the distribution of illegal drugs for the taxable years 1990 and 1991, respectively, the same amounts as listed in the counts of the indictment charging income tax evasion.

OPINION

Petitioner does not contest the amounts of the deficiencies or the additions to tax. Rather, petitioner contends that respondent's determination violates the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution,[2] in that he has already been punished for his actions through imprisonment and forfeiture of all of the proceeds of his illegally obtained income.

The Double Jeopardy Clause protects individuals against multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). "The Double Jeopardy Clause does not bar 'a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based'." Ianniello v. Commissioner, 98 T.C. 165, 177 (1992) (quoting Helvering v. Mitchell, 303 U.S. 391, 397 (1938)).

The impact of the Double Jeopardy Clause on civil tax disputes has been the subject of continuous scrutiny for many years. The seminal case involving both a deficiency and an

---

[2] The Double Jeopardy Clause of the Fifth Amendment provides "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb". U.S. Const. amend. V.

addition to tax for fraud[3] is <u>Helvering v. Mitchell</u>, <u>supra</u> at 399-401, in which the Supreme Court stated:

> Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense. The question for decision is thus whether section 293(b) [the predecessor of section 6653(b)] imposes a criminal sanction. That question is one of statutory construction.

>       *      *      *      *      *      *      *

> The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. * * * [Citation and fn. ref. omitted.]

See also <u>Ianniello v. Commissioner</u>, 98 T.C. at 176-185.

Thus, unless the doctrine of <u>Mitchell</u> has been modified or diluted, petitioner's contention should be rejected out of hand. Petitioner points to three Supreme Court cases: <u>Department of Revenue of Montana v. Kurth Ranch</u>, 511 U.S. 767 (1994); <u>Austin v. United States</u>, 509 U.S. 602 (1993); and <u>United States v. Halper</u>, <u>supra</u>, as supporting his position that <u>Mitchell</u> no longer applies in situations such as are involved herein.

---

[3] Liability for the fraud addition under sec. 6651(f) involves the same elements as under former sec. 6653(b)(1) and current sec. 6663(a). <u>Clayton v. Commissioner</u>, 102 T.C. 632, 652-653 (1994).

We disagree.  None of those cases involved criminal and civil liability under the Internal Revenue Code.  Their impact in the Federal income tax arena has been considered by the Court of Appeals for the Sixth Circuit in United States v. Alt, 83 F.3d 779 (1996), and by the Court of Appeals for the Fourth Circuit in Thomas v. Commissioner, 62 F.3d 97 (1995), affg. T.C. Memo. 1994-128, and by this Court in several cases, see, e.g., Louis v. Commissioner, T.C. Memo. 1996-257; Price v. Commissioner, T.C. Memo. 1996-204.  In each case, the respective court upheld the additions to tax for fraud as remedial and ruled that the Supreme Court cases relied upon by petitioner did not apply.  See also Gordon v. Commissioner, T.C. Memo. 1997-36, in which we reach the same conclusion based on the above-quoted language from Helvering v. Mitchell, supra.

We see no need to repeat the analysis set forth in the opinions in those cases.  It is enough to point out that each of them accorded Helvering v. Mitchell, supra, continuing vitality as the basic authority for their conclusion that the Double Jeopardy Clause did not apply and distinguished the cases relied upon by petitioner.[4]  Moreover, any doubt about their treatment of Mitchell disappears when one takes into account the Supreme Court's most recent pronouncement on the issue of double jeopardy

---

[4] See also United States v. Brennick, 908 F. Supp. 1004 (D. Mass. 1995), which sets forth an extensive analysis in respect of the continued vitality of Mitchell.

in the forfeiture context, where the Court reaffirmed the basic principle involved, namely, that the ultimate test is whether the Congress intended the civil penalty to be punishment and held that the forfeiture involved did not fall within the punishment category with the result that the Double Jeopardy Clause did not apply. United States v. Ursery, 518 U.S. ___, 116 S.Ct. 2135 (1996). In reaching that conclusion, the Supreme Court analyzed in detail Austin v. United States, supra, United States v. Halper, supra, and Department of Revenue of Montana v. Kurth Ranch, supra, in the course of which it referred, without qualification, to and quoted from Helvering v. Mitchell, supra. See United States v. Ursery, 518 U.S. at ___, 116 S.Ct. at 2148-2149.

In sum, we hold that the Double Jeopardy Clause does not preclude respondent from asserting the deficiencies and the addition to tax for fraud. A fortiori, it does not preclude the imposition of the addition to tax under section 6654, which does not arise out of petitioner's criminal activity, and in any event is properly characterized as remedial and not punishment. See Hawkins v. Commissioner, T.C. Memo. 1994-441, affd. without published opinion 66 F.3d 325 (6th Cir. 1995).

To reflect our holding herein and petitioner's concessions in respect of the amounts set forth in the notice of deficiency,

Decision will be entered

for respondent.