**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LANCE E. SHEPLER,

      Petitioner-Appellant,

v.

ED EVANS, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 99-7021

(D.C. No. 96-CV-231-S)
(E.D.Okla.)

**ORDER AND JUDGMENT**  *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Lance Shepler, a state prisoner represented by retained counsel, seeks a certificate of probable cause to appeal from the district court's denial of his 28

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254 habeas petition. [1] Because Shepler has failed to make a "substantial showing of the denial of [a] federal right," Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (internal quotation marks and citation omitted), we deny a certificate of probable cause and dismiss the appeal.

I.

Shepler was charged in November 1992 in the District Court of Johnston County, Oklahoma with one count of rape by instrumentation of his infant daughter. See Okla. Stat. Ann. tit. 21, § 1111.1 (West Supp. 1999). Three months later, the court combined Shepler's preliminary hearing on the rape charge with an adjudicatory hearing designed to assess whether his daughter had been "deprived," see Okla. Stat. Ann. tit. 10, § 1101(4) (West Supp. 1994), and should be placed in protective custody. Following this combined hearing, the court concluded the state had not proved sexual abuse (or, more specifically, rape by instrumentation) by clear and convincing evidence as is required to establish that a child has been deprived. See Matter of C.G., 637 P.2d 66, 70-71 (Okla. 1981). The court nevertheless found the state had shown, by clear and convincing evidence, that Shepler had used unreasonable and excessive force against his

---

[1] Because Shepler filed his petition on March 19, 1996, the Antiterrorism and Effective Death Penalty Act, which became effective April 24, 1996, and mandates the issuance of a certificate of appealability as a prerequisite to the appeal of a denial of a § 2254 petition, does not apply. See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).

daughter and thus adjudicated the child "deprived." In a signed minute order, the court specifically noted that its ruling on the sexual abuse allegations was confined to the *clear and convincing evidence* proof standard and that it would issue a subsequent opinion regarding whether the state had advanced *probable cause* of rape by instrumentation. Less than one month later, the court concluded probable cause of rape by instrumentation had been established and ordered defendant bound over for trial.

After a two-day jury trial, Shepler was convicted of rape by instrumentation and was later sentenced to thirty-five years' imprisonment. The Oklahoma Court of Criminal Appeals affirmed Shepler's conviction in a summary opinion. In March 1996, Shepler filed the instant habeas petition asserting his conviction must be reversed because (1) the doctrine of collateral estoppel should have barred the state from pursuing the prosecution based on the trial court's rulings at the "deprived child" adjudication hearing, and (2) the criminal information charging him with rape by instrumentation was deficient. The district court, adopting the report and recommendation of the magistrate judge, denied relief.

II.

**Collateral Estoppel**

The Double Jeopardy Clause of the Constitution, as applied to the states through the Fourteenth Amendment, embodies the doctrine of collateral estoppel. Ashe v. Swenson, 397 U.S. 436, 445 (1970). Collateral estoppel, or, as it is often known, issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Id. at 443. The doctrine is inapplicable here. As the state trial court made clear in its rulings, the burden of proof requirement at the initial "deprived child" adjudication hearing was considerably greater than the proof standard at the preliminary hearing. The fact that the state did not establish evidence of rape by clear and convincing evidence did not necessarily mean the state did not demonstrate probable cause of rape. The differences in proof standards preclude application of the collateral estoppel doctrine. See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 362 (1984); Helvering v. Mitchell, 303 U.S. 391, 397 (1938).

**Sufficiency of Indictment**

Shepler also contends the criminal information charging him with rape by instrumentation failed to allege the victim was under sixteen years old and thus was deficient as a matter of law. We need not reach the merits of this argument. "The sufficiency of an indictment or information is primarily a question of state law." Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991). "[F]ederal habeas

-4-

corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Although the notice provided by a charging instrument must comport with the due process guarantee of a fair trial, see Jackson v. Virginia, 443 U.S. 307, 314 (1979), there is no suggestion here that Shepler did not have adequate notice of the specific charges being leveled against him.

Shepler's application for a certificate of probable cause is DENIED and his appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge