UNITED STATES of America,
Appellee,

v.

NORFOLK, BALTIMORE AND CAROLINA LINE, INCORPORATED,
Appellant.

No. 11124.

United States Court of Appeals
Fourth Circuit.

Argued April 7, 1967.

Decided July 26, 1967.

John P. Harper, Norfolk, Va. (Worthington, White & Harper, Norfolk, Va., on brief), for appellant.

Kathryn H. Baldwin, Atty., Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., David L. Rose and Robert E. Kopp, Attys., Dept. of Justice, and Claude V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and CRAVEN, Circuit Judges.

SOBELOFF, Circuit Judge:

This appeal is from a judgment in favor of the United States, which had proceeded by libel in personam against the Norfolk, Baltimore and Carolina Line, Inc., to collect a statutory penalty of $100 for the negligent operation of its tug MARYLAND in violation of 46 U.S. C. §§ 526*l* and 526*o*.

The undisputed facts are as follows: About 3:00 a. m. on January 10, 1965, the tug MARYLAND was pushing a barge through a portion of the Atlantic Intracoastal Waterway known as Snow's Cut, located just north of Carolina Beach, North Carolina, at a point where the Waterway veers 60 degrees to the left. Just beyond this point, the dredge PERU, well lighted, was moored partially in and partially outside the channel. The tug was firmly lashed to the barge, the two vessels making a single unit 285 feet in length. The weather was clear and visibility good, and there was a "fair, flood tide" moving in the same direction as the tug. Nevertheless, the tug, proceeding at 6 m. p. h., failed to negotiate the 60 degree turn successfully. When the master of the tug realized that collision was imminent, he ordered the engines reversed with all available power, but it was then too late to avoid striking the dredge.

The action was brought in accordance with 46 U.S.C. § 526*l*, which provides that "No person shall operate any motorboat or any vessel in a reckless or negligent manner * * *," and § 526*o*, which declares:

"If any motor boat or vessel subject to any of the provisions of this subchapter is operated or navigated in violation of this subchapter * * *, the owner or operator, either one or both of them, shall, in addition to any other penalty prescribed by law, be liable to a penalty of $100. * * * For any penalty incurred under this section the motor boat or vessel * * * may be proceeded against by way of libel * * *." [1]

The District Judge, sitting in admiralty, concluded that the vessel had been operated negligently. His conclusion rested on testimony of the master of the tug, of a crew member, and of a retired chief

1. § 526u provides:
"(a) This subchapter shall apply to every motorboat or vessel on the naviga- ble waters of the United States * * * and every motorboat or vessel owned in a State and using the high seas."

bosun's mate in the Coast Guard, the latter testifying as an expert for the Government. The finding was that the tug had a clear view of the dredge for an appreciable distance and that weather conditions in no way interfered with the handling of the vessel. The Judge further found that the master of the tug, experienced in handling vessels of that type in the local waters, "failed to use that care that a reasonable man, under like circumstances, would have exercised at the time and place then and there existing." Specifically, he found that the master "could and should have slowed down somewhat from the speed that he was then making," and that it was "necessary for him to pay more attention to what he was doing at that particular time."

The appellant's principal contention is that the District Court lacked jurisdiction to sit as an admiralty court. It argues that the penalties imposed by Section 526o are criminal in nature, and thus the proceeding was in reality a criminal prosecution, entitling the defendant to the customary safeguards of a criminal trial. We disagree.

■■ That Congress may in its legislative discretion subject the same conduct to either civil or criminal penalties, or both, is a proposition well established. Our income tax laws provide a familiar example. See Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917

(1938). Whether a sanction is civil or criminal is a question of statutory construction. United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943); Helvering v. Mitchell, supra; Oceanic Steam Navigation Co. v. Stranahan, 214 U.S. 320, 29 S.Ct. 671, 53 L.Ed. 1013 (1909). There is ample evidence of a congressional purpose to impose a civil penalty under this particular section, and not a criminal punishment. This is shown by the fact that elsewhere in the same statute, Congress provided for criminal sanctions.[2] In addition to the structure of the statute, the legislative history also supports this conclusion.[3]

■■ Appellant also ascribes error to the District Court's finding of negligence in the operation of the tug. Upon consideration of the entire record, however, we are unable to declare the finding "clearly erroneous." Indeed, this court has heretofore held that when, in the absence of adverse weather conditions, a vessel, in control of a pilot in waters with which he is familiar, runs into a clearly visible stationary object, a presumption of negligence arises, requiring at least some explanation on the part of the vessel. The Severance, 152 F.2d 916 (4th Cir. 1945), cert. denied sub nom. Stone v. Diamond S. S. Transp. Corp., 328 U.S. 853, 66 S.Ct. 1344, 90 L.Ed. 1626 (1946); accord, United States v. South Carolina State Hwy. Dep't, 171 F.2d 893 (4th Cir.

2. § 526m provides:
"Any person who shall operate any motorboat or any vessel in a reckless or negligent manner so as to endanger the life, limb, or property of any person shall be deemed guilty of a misdemeanor and on conviction thereof by any court of competent jurisdiction shall be punished by a fine not exceeding $2,000, or by imprisonment for a term of not exceeding one year, or by both such fine and imprisonment, at the discretion of the court."

3. The Senate Report states that § 526o "Authorize[s] a *civil* penalty of up to $100 fine, in addition to the present criminal penalty, for the operation of a motorboat or vessel not carrying passengers for hire in a reckless or negli-

gent manner, so as to endanger the life, limb or property of any person. In the case of motorboats or vessels carrying passengers for hire, the *civil* penalty assessed may be up to $200."
S.Rep. No. 2340, 85th Cong., 2d Sess. 1 (1958), U.S.Code Cong. & Admin.News 1958, p. 5228. (Emphasis supplied.)
Also of significance in determining that § 526o was meant to impose a civil penalty is the fact that this section authorizes a libel proceeding as a method for collecting the penalty, indicating that Congress did not intend actions instituted under this section to be criminal in nature. Furthermore, § 526p authorizes the Coast Guard to "remit or mitigate any fine, penalty, or forfeiture" incurred under the Act, except the criminal sanctions provided by § 526m.

1948). In the present case, the appellant called no witnesses and offered no explanation for the collision.

We have considered the other contentions advanced by appellant and find them clearly lacking in merit.

For the foregoing reasons, the judgment of the District Court is

Affirmed.