December 14, 1977

## 77-70 MEMORANDUM OPINION FOR THE GENERAL COUNSEL OF THE DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE

### Effect of Agency Interpretation of Regulations— Confidentiality of Alcohol and Drug Abuse Patient Records

Your letter states that your Office has provided the Civil Service Commission with authoritative advice on the applicability and effect of certain provisions of your Department's regulations, 42 CFR § 2.1, *et seq.*, governing the confidentiality of alcohol and drug abuse patient records. In addition, you point out that the statutes authorizing these regulations provide that any disclosure of records in violation of the regulations is subject to a criminal penalty. *See* 21 U.S.C. § 1175(f); 42 U.S.C. § 4582(b).[1] The question posed is whether your official opinions construing the regulations "have any binding precedential effect" in a prosecution for violation of the regulations.

There are actually two issues: (1) whether your official interpretation can make conduct a violation of the regulations that would not otherwise be so, and (2) whether your official interpretation that conduct does not violate the regulations would serve as a defense to an otherwise valid prosecution.

With respect to the first issue, the basic law is to be found in *M. Kraus and Brothers* v. *United States*, 327 U.S. 614, 621–22 (1946). Briefly, that case holds that where a criminal penalty is provided for violating a regulation, the regulation is to be construed strictly in the same manner as a criminal statute. While publicly made administrative interpretations may aid a court in construing a regulation, it cannot fill gaps

---

[1] We concur that the statutes provide criminal and not civil penalties. The use of the term "fine" rather than "penalty" in the body of the statute indicates that Congress intended a criminal sanction. *See* 18 U.S.C. § 1. This is confirmed by the strong emphasis that the legislative history of 21 U.S.C. § 1175(f) places on maintaining the confidentiality of patient records. *See* H.R. Rep. 92–920, 92d Cong., 2d Sess., at 33. *See, generally, Kennedy* v. *Mendoza Martinez,* 372 U.S. 144 (1963); *Helvering* v. *Mitchell,* 303 U.S. 391, 399–406 (1938).

in the regulation or make vague language certain. The text of the regulation controls. The principle laid down in *Kraus* has never been questioned or modified by the Supreme Court. We agree that your administrative interpretation that certain conduct is prohibited by the regulation would not bind a court in a prosecution unless the interpretation were duly promulgated as part of the regulation.

With respect to the second issue, the Supreme Court has held that good faith reliance upon an authorized official construction of a criminal statute is a valid defense to a prosecution for violating it. *United States* v. *Pennsylvania Chemical Co.,* 411 U.S. 655, 674 (1973); *United States* v. *Laub,* 385 U.S. 475, 487 (1967); *Cox* v. *Louisiana,* 379 U.S. 559, 571 (1965); *Raley* v. *Ohio,* 360 U.S. 423, 437–38 (1959). As expressed in *United States* v. *Laub, supra,* 385 U.S., at 488, the principle is that:

> Ordinarily, citizens may not be punished for actions undertaken in good faith reliance upon authoritative assurances that punishment will not attach.

The defense is akin to entrapment and is based on consideratons of due process. *Cox* v. *Louisiana, supra; Raley* v. *Ohio, supra,* 360 U.S., at 438.

The question whether a particular statement is an "authoritative assurance" may be one of fact. However, the Court has ruled that interpretative regulations published by the Agency primarily responsible for enforcement are such assurances. *United States* v. *Pennsylvania Chemical Co.,* 411 U.S., at 673–75. Moreover, in *United States* v. *Laub* (at 485–486), the Court held that the Government was bound by a construction expressed by the responsible enforcement Agency in press releases, congressional testimony, and other official albeit informal public statements.

On the basis of these cases, we believe that a treatment program official who released patient records in good faith reliance upon one of your interpretations could not be successfully prosecuted. To that extent, they would have a binding effect upon the Government.

Because your official constructions of the regulations may have an exculpatory effect, we believe that it would be desirable to coordinate the issuance of these constructions with the Narcotics and Dangerous Drugs Section of the Criminal Division, which supervises prosecutions in this area. In addition, such coordination would provide authoritative guidance to United States Attorneys with respect to the effect of the regulations on the conduct of drug cases. While the Office of Legal Counsel does not have any responsibility for criminal law enforcement, we would be happy to arrange for a meeting between your office and the Narcotics and Dangerous Drugs Section to discuss an arrangement suitable to both divisions.

MARY C. LAWTON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
