BERT CRANE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crane v. Commissioner
Docket No. 16430-81
United States Tax Court
T.C. Memo 1983-162; 1983 Tax Ct. Memo LEXIS 624; 45 T.C.M. (CCH) 1078; T.C.M. (RIA) 83162; March 24, 1983. Bert Crane, pro se. Kay L. Windram, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: This case has been fully stipulated pursuant to Rule 122. [1] The stipulation of facts and the exhibits thereto are incorporated herein by this reference. Other findings are based upon undenied allegations in the answer deemed admitted pursuant to an order made March 24, 1982, in accordance with Rule 37(c). The sole issue in dispute is petitioner's contention that assessment of the addition to tax under section 6653(b) as to the taxable years 1973 and 1975 is barred by the doctrine of double jeopardy. *625 Petitioner filed individual income tax returns, Forms 1040, for the taxable years 1973, 1974, and 1975. His 1973 and 1974 returns were filed with the District Director of Internal Revenue, Detroit, Michigan, and his 1975 return was filed with the Cincinnati Service Center located in Covington, Kentucky. Petitioner was a resident of Detroit, Michigan, at the time the petition herein was filed. In a notice of deficiency dated April 3, 1981, respondent determined the following deficiencies and additions to tax: Deficiencies
in
Additions to Tax
Taxable Years Ended
Income Tax
Section 6653(b)
December 31, 1973
$1,817.87
$1,989.24
December 31, 1974
4,003.53
2,001.77
December 31, 1975
2,903.68
1,451.84
The deficiencies were based upon unreported dividends, interest, pension income, and capital gains. From 1963 through and including the years at issue, petitioner was employed in the Tax Department of Manufacturers *626 National Bank of Detroit, and during the years in issue his responsibilities included preparation of fidiciary tax returns. Thus petitioner had knowledge of tax matters. Petitioner does not dispute that he fraudulently evaded his tax liability for the years 1973, 1974, and 1975, and he concedes the deficiencies and additions to tax determined by respondent for each of the taxable years. He asserts, however, a defense of double jeopardy as to the additions to tax, i.e., the so-called "civil fraud penalty," for 1973 and 1975. In 1979 petitioner was indicted and charged with three counts of violation of section 7201 and three counts of violation of section 7206(1), one count each for the taxable years 1973, 1974, and 1975, respectively. On his plea of guilty, petitioner was convicted of violation of section 7201 with respect to the year 1974. The counts of the indictment relating to 1973 and 1975 were dismissed, and that dismissal is the factual predicate for petitioner's legal argument here. The Fifth Amendment to the Constitution provides in part that "no person shall * * * for the same offence * * * be twice put in jeopardy of life or limb * * *. In Helvering v. Mitchell,303 U.S. 391, 399-404 (1938), *627 the United States Supreme Court stated: Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense. The question for decision is thus whether section 293(b) [the predessor of section 6653(b)] imposes a criminal sanction. That question is one of statutory construction. The remedial character of sanctions imposing additions to tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. That Congress provided a distinctly civil procedure for the collection of the additional 50 per centum indicates clearly that it intended a civil, not a criminal, saction. Civil procedure is incompatible with the accepted rules and constitutional guaranties governing the trial of criminal prosecutions, and where civil procedure is prescribed for the enforcement of remedial sanctions, those rules and guaranties *628 do not apply. * * * [F]inally, in the civil enforcement of a remedial sanction there can be no double jeopardy. [Citations and fn. ref. omitted.] See also Black Forge, Inc. v. Commissioner,78 T.C. 1004, 1013 (1982). Inasmuch as petitioner has neither filed a brief nor otherwise presented authorities in support of his position, no further discussion is necessary. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩