ALPHONSE LEWIS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 7485-77.
United States Tax Court
T.C. Memo 1983-547; 1983 Tax Ct. Memo LEXIS 239; 46 T.C.M. (CCH) 1311; T.C.M. (RIA) 83547; September 7, 1983. Alphonse Lewis, Jr., pro se. F. Michael Kovach, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency in petitioner's income tax for 1973 in the amount of $3,287.40 and an addition to tax under section 6653(b) [1] in the amount of $1,643.70. The deficiency was based in part upon respondent's determination that petitioner had omitted from his return the sum of $7,500 received as rental income during 1973. Respondent contends that the part of the underpayment resulting from omission of the rental income was due to fraud on the part of petitioner *240 FINDINGS OF FACT Petitioner was a resident of Grand Rapids, Michigan, at the time he filed his petition herein. He graduated from Howard University in 1943 and received a law degree from the University of Michigan in 1947. Prior to and during 1973, he practiced law in Grand Rapids, Michigan. The Lewis Hotel was acquired by petitioner and his two sisters in 1961. Thereafter, petitioner and his sisters entered into an arrangement whereby petitioner managed the hotel and sent to his sisters any rental income in excess of expenses in repayment of loans previously made to him by his sisters. Upon petitioner's death, the hotel would be conveyed to his heirs. As a part of the arrangement with his sisters, petitioner agreed that he would be responsible for reporting and paying income taxes on income from the hotel. During 1969, petitioner negotiated a lease of the hotel with Kent County Community Action Program (Kent County CAP), and petitioner appeared as lessor of the hotel on the original lease and on subsequent annual leases for years prior to 1974. Petitioner received the rentals due under the leases with Kent County CAP, which totaled $7,500 during 1973. The checks for *241 payment of the rent were payable to and negotiated by petitioner. Kent County CAP sent a Form 1099 to petitioner reporting rents paid to him during 1973 to be $6,875. The pattern of petitioner's compliance with the tax laws in years prior to 1973 is checkered. His 1965 return was not filed until September 1969. He did not file returns for 1966, 1967, 1968, 1969, 1970, or 1972. He did, however, from time to time and by various means make some payments on his accumulated tax liabilities over the years. Petitioner did timely file an income tax return for 1971. On that return he reported on Schedule C relating to his law practice gross receipts of $23,457.51 and net income of $8,686.71. On another Schedule C he reported gross receipts from rental of the Lewis Hotel of $6,875 and net income, after depreciation and taxes, of $681.42. Petitioner himself prepared and filed a tax return for 1973 containing one Schedule C on which he reported gross receipts of $25,872 and net income of $8,867.32 from the practice of law. Income or expenses attributable to the Lewis Hotel were not identified anywhere on the return for 1973. The amount of gross receipts to have been received from *242 petitioner's law practice is shown by his client records to be not less than $19,185. The total received by petitioner during 1973 from his law practice and from rents was not less than $26,685. In late September 1973, as part of its collection activities with respect to taxes owed by petitioner for earlier taxable years, the Internal Revenue Service levied upon rent for the Lewis Hotel payable to petitioner. On October 25, 1973, petitioner met with a representative of the Kent County CAP and a collection officer of the Internal Revenue Service at the offices of Kent County CAP. Petitioner refused to answer questions concerning his ownership of the Lewis Hotel. On October 31, 1973, petitioner wrote a letter to Kent County CAP that stated in part: "The owners of the building have instructed me to have you make out the check for the rent to them instead of me as attorney." On or about December 1, 1973, petitioner negotiated a new lease in writing for the Lewis Hotel for 1974. In that lease, Kent County CAP was the lessee and petitioner's two sisters were referred to as "lessor." In connection with that lease, Kent County CAP demanded and received an agreement by which petitioner *243 and his sisters indemnified the lessee against liability arising out of subsequent Internal Revenue Service levies and claims that petitioner was the owner of the hotel and entitled to receive rents therefrom. Petitioner contends that the rents received from the Lewis Hotel during 1973 were included in the amounts reported on Schedule C as attributable to his law practice. He claims that he was advised by several unidentified persons that a single Schedule C could be used for this purpose. During a criminal proceeding brought against petitioner for failure to pay taxes for 1973 (section 7203), an expert witness testified on behalf of petitioner that, based upon incomplete records, it appeared that petitioner's reported income for 1973 included rent received from the Lewis Hotel. Petitioner was acquitted of the criminal charges. Petitioner did not maintain complete or orderly records accurately reflecting his income and expenses. He refused to produce any records for inspection by respondent's agents prior to the time the records were offered as an exhibit in the criminal trial. ULTIMATE FINDINGS OF FACT At the time of the 1973 transactions described above, petitioner was *244 indebted to his two sisters. At the time of the above-described transactions of October 31, 1973, and December 1, 1973, he intended to cause rents relating to the Lewis Hotel to be diverted to his sisters in repayment of those loans rather than to be applied to his income tax liabilities. At the time he filed his income tax return for the year 1973, petitioner failed to report the income received from the Lewis Hotel during 1973 and underpaid his taxes in an amount attributable to that failure to report income. At the time he filed his income tax return for 1973, he intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. OPINION The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for the year in issue was due to fraud. Section *245 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). In this case, there is a dispute as to whether or not petitioner's *246 rental income for 1973 was or was not reported on his income tax return. Respondent contends that the amount could not have been included because the total income shown by petitioner's records as having been received from the practice of law and from rent for the Lewis Hotel exceeded the amount of gross receipts reported on petitioner's Schedule C. Petitioner claims that the rent was included, but offers only his own generalized testimony that he did include the rental income when he prepared his tax returns and the opinion of an expert who testified in the criminal case, which opinion was based on an examination of incomplete records. While the expert opinion (and other evidence not before us) may have been enough to create a reasonable doubt to the finder of facts in the criminal case, we do not find it persuasive here. See South Texas Rice Warehouse Co. v. Commissioner,366 F.2d 890, 898 (5th Cir. 1966), affg. 43 T.C. 540 (1965). Moreover, we do not accept petitioner's self-serving testimony. The Schedule C attached to the Form 1040 he filed for 1973 may be regarded as an admission, which he should not be permitted to contradict without a cogent *247 explanation, that the gross receipts from his law practice were $25,872, even though the client records he belatedly produced do not establish receipts greater than $19,185. The implication that the rental income is not included in the gross receipts reported on that Schedule C is strengthened by the fact that no expenses relating to the hotel were claimed on that schedule. Petitioner's testimony that he was advised by unidentified persons to combine income from the two businesses on one Schedule C is vague and totally uncorroborated and, therefore, cannot be given any weight. Having concluded that the rental income was not reported, we are compelled by other facts to infer that the failure to report the rental income was due to fraud. In particular, the affirmative conduct of petitioner in attempting to divert rental receipts to his sisters, preferring to make payments to them rather than applying those funds to his income tax liabilities, supports this conclusion. The 1973 transactions with respect to the Kent County CAP lease are evidence of the intent to mislead or conceal that is a predicate to imposition of the additions to tax for fraud. Failure to disclose income from *248 the hotel on the 1973 return and to report tax due on that income must be regarded as implementation of a pattern of tax evasion. In the context of this record, petitioner's failure to keep adequate records or to cooperate in respondent's attempt to determine his correct liability may be viewed as further evidence of fraud. See Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958); Grosshandler v. Commissioner,75 T.C. 1, 20 (1980); Gajewski v. Commissioner,supra at 200. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩