ARTHUR D. WARD AND MITSUKO F. WARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 17421-83
United States Tax Court
T.C. Memo 1991-298; 1991 Tax Ct. Memo LEXIS 344; 62 T.C.M. (CCH) 59; T.C.M. (RIA) 91298; July 3, 1991, Filed *344 Arthur D. Ward, pro se. Willie Fortenberry, for the respondent. PARR, Judge. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a $ 5,035 deficiency and a $ 2,517.50 addition to tax for civil fraud under section 6653(b) for the taxable year 1979. [1] Respondent also seeks a penalty under section 6673. At trial petitioners conceded they are not entitled to deduct $ 20,373.29 as a contribution to their local chapter of the Universal Life Church. The issues remaining for trial are (1) whether petitioners are liable for fraud; and (2) whether the Court should impose a penalty because proceedings before it have been instituted or maintained by petitioners primarily for delay, or their position in these proceedings is frivolous or groundless. FINDINGS OF FACT The findings of fact are partially based upon the oral stipulation *345 of the parties at start of trial. Petitioners, husband and wife, resided in Florida when they filed their petition. Arthur D. Ward (petitioner) graduated in 1951 from the University of Florida with a B.S. degree in chemistry. In 1963, while in the military, he received a master's degree in meteorology from New York University. From 1951 to 1971 petitioner was an officer in the United States Air Force. He retired in July 1971 as a lieutenant colonel. His primary duties were with the Air Weather Service. Since retirement, petitioner has held the following jobs: January 1971 to October 1973 -- consultant, Clarkson Hospital, Omaha, Nebraska; October 1973 to May 1974 -- programmer/system analyst for Mutual of Omaha; June 1974 to November 1977 -- programmer/system analyst for Planning Research Corporation; November 1977 to September 1979 -- senior scientific programmer for Sperry Univac; and October 1979 to May 1981 -- Appli-Mation, Inc. (a defense contractor). In 1979 petitioner (but not Mrs. Ward) began to attend meetings of the Florida Patriots Association, a tax protester organization. Based upon information received from the group, petitioner decided to claim that he and his *346 wife were not liable for Federal income tax. Sometime in 1979 petitioner set up a local chapter of the Universal Life Church. Petitioners' church had three members: petitioners and a friend and coworker, Ed Burke. Additionally, petitioner set up at least four bank and brokerage accounts in the church's name. Account 54-12157, at Coral Gables Federal Savings and Loan (formerly AmeriFirst) was maintained in the name of Universal Life Church, with Arthur D. Ward, pastor, or Mitsuko F. Ward, secretary, listed as the authorized signatories. Funds in the Universal Life Church account came from petitioner's wages and retirement and were used to pay petitioners' personal expenses. On March 20, 1979, petitioner amended his Form W-4 with Sperry claiming 20 exemptions, rather than two. He also amended his Form W-4 with the military claiming 10 exemptions, rather than zero. In October of 1979, petitioner filed a Form W-4 with Appli-Mation claiming 22 exemptions. Petitioner intended to reduce his tax withholding by claiming these additional exemptions. Petitioners reported $ 35,258 in income on their 1979 Form 1040, and claimed a $ 20,373.29 charitable contribution to the Universal Life *347 Church. In 1981 petitioner submitted to respondent a group of documents purporting to be requests for refunds related to income tax returns for 1975 through 1980. One of these documents is an unsigned Form 1040 with the printed year 1980 scratched out and "1977" written in. On the signature line petitioner wrote in, "Not a return. For information purposes only." By the document petitioner intended to amend his Federal income tax return for 1977 by claiming cost of goods sold equal to his wages, in order to obtain an additional refund of taxes. At the same time, and in the same manner, petitioner submitted a similar document related to tax year 1978. That document showed a cost of goods sold equal to petitioner's wages plus military pension. Neither document was accepted by respondent as a return or as an amended return. [2] Despite respondent's urging to the contrary, these unsigned, unfiled documents, pertaining to years not in issue have been disregarded in deciding this case. *348 Petitioner filed a similar document with regard to 1979, the year in issue. Again, the document is not signed, states on its face that it is not intended as a return, and was not accepted as a return by respondent. It indicates petitioner is due an additional refund of $ 662 attributable to the "cost of goods" claimed. This is in addition to the refund claimed on petitioners' duly filed and signed 1979 return, with regard to which they had apparently received a refund of $ 1,399.50 based upon their purported contribution of $ 20,373.29 to the Universal Life Church. [3]
OPINION
Petitioner contends that in 1979 he relied on the fact that at that time Universal Life Church in Modesto, California, had a tax exempt status (later revoked), and he believed his local chapter was also entitled *349 to exemption. He also said the "amended returns" were executed in 1981, and are irrelevant since they had nothing to do with his thought processes or actions in 1979. The fraud addition under section 6653(b) is a civil sanction to protect the revenue and to reimburse respondent for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401, 82 L. Ed. 917, 58 S. Ct. 630 (1938). The elements to be shown, by clear and convincing evidence, are (1) that an underpayment of tax exists, and (2) that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of taxes. Parks v. Commissioner, 94 T.C. 654, 660, 661 (1990). Respondent has the burden of proof. Sec. 7454(a); Rule 142(b). We hold that respondent has met his burden of proof as to petitioner. By conceding they are not entitled to deduct the contribution to the Universal Life Church, petitioners have conceded the first element, an underpayment. Respondent has also proven that petitioner Arthur C. Ward intended to evade a tax he knew to be due and owing. Petitioner is a well-educated *350 man who has consistently held responsible positions. Moreover, he had previously filed correct Forms W-4 and, presumably, accurate returns. We find petitioner knew he had a duty to file accurate returns and to pay taxes. Further, using the church bank account to pay his personal expenses was an attempt to create a false charitable deduction, and thereby to mislead and conceal. See, e.g., Lane v. Commissioner, T.C. Memo 1985-89. The filing of false W-4 forms to reduce or eliminate withholding also demonstrates petitioner's intent to evade tax. See Rowlee v. Commissioner, 80 T.C. 1111, 1125 (1983). [4]
*351 Respondent, however, has not demonstrated fraud by Mrs. Ward. We find she is not liable for the fraud addition. Respondent has asked that we impose upon petitioners a penalty under section 6673, which provides that whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, the taxpayer's position in such proceeding is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States. As to positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the statute now provides that the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Although many of petitioners' original arguments were frivolous, he did not pursue them at trial but merely tried to counter the imposition of the fraud addition, on which respondent bore the burden of proof. Although it is a close question here, we exercise our discretion and decline to award damages or a penalty in this case. To reflect the foregoing, An appropriate *352 order and decision will be entered. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's witness, Special Agent Orlan D. Smith, testified that these documents were not treated by respondent as "returns" but as "false documents" filed with the Government under 18 U.S.C. sec. 1001↩. However, petitioner was not prosecuted criminally for this offense with regard to documents filed concerning the year in issue or prior years.
3. Petitioners' "amended return" (described below) indicates they had already received a refund of $ 1,399.50. However, the original return for 1979 shows an overpayment of only $ 796.50. We have no explanation for this discrepancy.↩
4. Since we have found sufficient grounds for fraud, we need not consider the legal effect of petitioner's half-hearted attempt to seek a further refund for the year in issue by an unsigned document alleging a deduction for "cost of goods sold" equal to his wages, a tactic which has been repeatedly rejected by this and other courts. See Rowlee v. Commissioner, 80 T.C. 1111, 1125↩ (1983), and cases cited therein.