December 9, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1787

 ROGER D. ANYON,

 Plaintiff, Appellant,

 v.

 LEONARD MACH, ET AL.,

 Defendants, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Edward F. Harrington, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Selya, Circuit Judges. 
 

 

 Roger D. Anyon on brief pro se.
 
 Scott Harshbarger, Attorney General, and William L. Pardee,
 
Assistant Attorney General, on brief for appellees, Leonard Mach,
Eileen Elias, Robert Fine, William O'Leary, Elaine Hill, Paul
Scopa and Rick Picket. 
 Jon S, Hartmere, Special Assistant Attorney General, on
 
brief for appellees, Gregory M.S. Canfield and Barbara Schwartz.

 

 

 Per Curiam. Pro-se appellant, Roger Anyon, a patient at
 

the Massachusetts Treatment Center for Sexually Dangerous

Persons, alleges that the recently revised eligibility

requirements for reintegrating Treatment Center patients into

the community violate his rights under the federal

constitution and the federal consent decree requiring the

remedying of conditions at the Treatment Center. See, e.g.,
 

Williams v. Lesiak, 822 F.2d 1223 (1st Cir. 1987); Langton v.
 

Johnston, 928 F.2d 1206 (1st Cir. 1991). He seeks
 

declaratory and injunctive relief.1 Appellees are officers

and employees of the Commonwealth of Massachusetts. The

district court dismissed Anyon's complaint for failure to

state a claim upon which relief can be granted. We affirm.

 Background

 Anyon is under commitment to the Treatment Center for a

period of one day to life. He is also under a concurrent

criminal sentence of imprisonment for life. As a patient at

the Treatment Center, Anyon is entitled to mental health

treatment and to be released when no longer sexually

dangerous. Mass. Gen. L. ch. 123A 9. Upon a determination

that he is no longer sexually dangerous, he would be

discharged from the Treatment Center and returned to the

Department of Corrections to serve out any unexpired criminal

sentence. Id. The Massachusetts Department of Mental Health
 

 

1. Anyon has dropped all claims seeking monetary relief.

 -2-

is required to establish a program at the Treatment Center to

provide "in a manner consistent with security considerations,

for the restrictive integration of [a] patient into a non-

custodial environment." Mass. Gen. L. ch. 123A, 8. A

patient will be eligible for this program only if, inter
 

alia, "he will not present a danger to the community under
 

the controls provided by the program." Id. Furthermore,
 

under a partial consent decree first entered in 1975, the

Department of Mental Health has agreed to develop a plan

providing for adequate treatment for patients at the

Treatment Center. Among other things, the Department has

agreed to provide "for the day or other short-term release of

Treatment Center patients for approved programs outside the

Treatment Center where such relief is deemed appropriate by

the Department of Mental Health." See Langton, 928 F.2d at
 

1228.

 Anyon participated in the short-term release program for

several years prior to August 1991. At that time, in

response to escapes by two residents from the program, the

Department suspended the program for review to ensure

consistency with both public safety and clinical concerns.

As a result of the review, the Department adopted new rules

for what is now called the Transition Program. Under these

revised rules, a resident, like Anyon, who is under a

criminal sentence and neither paroled to the Treatment Center

 -3-

nor eligible for parole, is ineligible to participate in the

program. Anyon asserts that these Transition Program rules

deprive him of his constitutional rights to due process and

equal protection, and violate his constitutional rights

against ex post facto legislation and double jeopardy.2

Finally he asserts that the rules are in violation of the

federal consent decree.

 Discussion

 Anyon has failed to allege sufficient facts to support a

claim that either his substantive or his procedural right to

due process has been violated. The revision of the program

was not so "outrageous" as to constitute a violation of

substantive due process. See Amsden v. Moran 904 F.2d 748,
 

754 (1st Cir. 1990), cert. denied, 498 U.S. 1041 (1991).
 

Moreover, the state is not prohibited from making this

revision by the fact that it extinguished any liberty

interest Anyon may have had under the prior rules for short-

term release. See Tracy v. Salamack, 572 F.2d 393, 396 (2d
 

Cir. 1978) (prisoners who were previously entitled to

participate in transition program have no entitlement to such

participation which would "have the effect of prohibiting

alteration of the underlying law which creates the

entitlement"). Finally, since Anyon concedes that he does

 

2. Anyon also asserts that the revised program violates the
eighth amendment prohibition against cruel and unusual
punishment. This claim is without merit.

 -4-

not meet the eligibility requirements of the revised rules,

he no longer has any state created liberty interest in short-

term release which would implicate the federal right to

procedural due process. 

 Likewise, the Transition Program rules are not in

violation of the equal protection clause. The distinction in

the revised rules between civilly committed patients under a

criminal sentence and those who are not is rationally related

to the legitimate state interest in ensuring the safety of

the community. See Whiting v. Westerly, 942 F.2d 18, 23 (1st
 

Cir. 1991).

 Anyon's allegations that the Transition Program rules

violate the double jeopardy and ex post facto clauses of the

Constitution fail because both these clauses pertain only to

punishments inflicted by the government. See, e.g.,
 

Helvering v. Mitchell, 303 U.S. 391, 398-99 (1938) (double
 

jeopardy); Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-
 

26 (1867) (ex post facto). The revised rules for short-term

release, however, are not punitive but rather related to the

state's concern for community safety. See United States v.
 

Halper, 490 U.S. 435, 448 (1989) (civil as well as a criminal
 

sanction constitutes punishment only when it serves aims of

retribution or deterrence). As regards Anyon's allegation

that he has been "punished" by being deprived of his previous

right to participate in the short-term release program,

 -5-

insofar as this is an allegation that he has been deprived of

the adequate treatment required by the constitution and the

federal consent decree, we think this concern is best

addressed through an action to enforce the consent decree

since that decree "'require[s] the provision of adequate

treatment for [Treatment Center] patients' at a level [even]

beyond that required by any applicable constitutional

minima." Langton, 928 F.2d at 1217. Insofar as it is an
 

allegation that he has been deprived of treatment beyond that

required by the constitution and the consent decree, the

revised rules are not punitive but the "revocation of a

privilege voluntarily granted." See Helvering, 303 U.S. at
 

399. As such, they do not implicate either the ex post facto

or the double jeopardy clause.3 

 Finally, we find no error in the district court's

failure to consider Anyon's claims that his rights under the

applicable consent decree have been violated. The

appropriate vehicle for enforcement of the consent decree is

an action for contempt brought before the court responsible

for the decree. See, e.g., DeGidio v. Pung, 920 F.2d 525,
 

534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1123
 

(5th Cir. 1986). Allowing the decree to be challenged

through an individual action for declaratory and injunctive

 

3. We express no opinion as to whether or not Anyon's
participation in the release program is within the scope of
treatment required by the constitution or the consent decree.

 -6-

relief "would tend to discourage governmental authorities

from entering into decrees in public law litigation,

encourage the splintering of civil rights claims on an

individual basis, and promote disrespect for judicial decrees

duly entered following careful proactive review of the often

complex mix of individual and institutional considerations

involved in such litigation." Miller v. Dept. of Correction,
 

No. 91-2183, slip. op. at 15 (1st Cir., July 14, 1993).

 Affirmed.
 

 -7-