USCA1 Opinion

 

 December 9, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1787 ROGER D. ANYON, Plaintiff, Appellant, v. LEONARD MACH, ET AL., Defendants, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Roger D. Anyon on brief pro se. ______________ Scott Harshbarger, Attorney General, and William L. Pardee, __________________ _________________ Assistant Attorney General, on brief for appellees, Leonard Mach, Eileen Elias, Robert Fine, William O'Leary, Elaine Hill, Paul Scopa and Rick Picket. Jon S, Hartmere, Special Assistant Attorney General, on ________________ brief for appellees, Gregory M.S. Canfield and Barbara Schwartz. __________________ __________________ Per Curiam. Pro-se appellant, Roger Anyon, a patient at __________ the Massachusetts Treatment Center for Sexually Dangerous Persons, alleges that the recently revised eligibility requirements for reintegrating Treatment Center patients into the community violate his rights under the federal constitution and the federal consent decree requiring the remedying of conditions at the Treatment Center. See, e.g., ___ ___ Williams v. Lesiak, 822 F.2d 1223 (1st Cir. 1987); Langton v. ________ ______ _______ Johnston, 928 F.2d 1206 (1st Cir. 1991). He seeks ________ declaratory and injunctive relief.1 Appellees are officers and employees of the Commonwealth of Massachusetts. The district court dismissed Anyon's complaint for failure to state a claim upon which relief can be granted. We affirm. Background Background Anyon is under commitment to the Treatment Center for a period of one day to life. He is also under a concurrent criminal sentence of imprisonment for life. As a patient at the Treatment Center, Anyon is entitled to mental health treatment and to be released when no longer sexually dangerous. Mass. Gen. L. ch. 123A 9. Upon a determination that he is no longer sexually dangerous, he would be discharged from the Treatment Center and returned to the Department of Corrections to serve out any unexpired criminal sentence. Id. The Massachusetts Department of Mental Health __ ____________________ 1. Anyon has dropped all claims seeking monetary relief. -2- is required to establish a program at the Treatment Center to provide "in a manner consistent with security considerations, for the restrictive integration of [a] patient into a non- custodial environment." Mass. Gen. L. ch. 123A, 8. A patient will be eligible for this program only if, inter _____ alia, "he will not present a danger to the community under ____ the controls provided by the program." Id. Furthermore, __ under a partial consent decree first entered in 1975, the Department of Mental Health has agreed to develop a plan providing for adequate treatment for patients at the Treatment Center. Among other things, the Department has agreed to provide "for the day or other short-term release of Treatment Center patients for approved programs outside the Treatment Center where such relief is deemed appropriate by the Department of Mental Health." See Langton, 928 F.2d at ___ _______ 1228. Anyon participated in the short-term release program for several years prior to August 1991. At that time, in response to escapes by two residents from the program, the Department suspended the program for review to ensure consistency with both public safety and clinical concerns. As a result of the review, the Department adopted new rules for what is now called the Transition Program. Under these revised rules, a resident, like Anyon, who is under a criminal sentence and neither paroled to the Treatment Center -3- nor eligible for parole, is ineligible to participate in the program. Anyon asserts that these Transition Program rules deprive him of his constitutional rights to due process and equal protection, and violate his constitutional rights against ex post facto legislation and double jeopardy.2 Finally he asserts that the rules are in violation of the federal consent decree. Discussion Discussion Anyon has failed to allege sufficient facts to support a claim that either his substantive or his procedural right to due process has been violated. The revision of the program was not so "outrageous" as to constitute a violation of substantive due process. See Amsden v. Moran 904 F.2d 748, ___ ______ _____ 754 (1st Cir. 1990), cert. denied, 498 U.S. 1041 (1991). ____ ______ Moreover, the state is not prohibited from making this revision by the fact that it extinguished any liberty interest Anyon may have had under the prior rules for short- term release. See Tracy v. Salamack, 572 F.2d 393, 396 (2d ___ _____ ________ Cir. 1978) (prisoners who were previously entitled to participate in transition program have no entitlement to such participation which would "have the effect of prohibiting alteration of the underlying law which creates the entitlement"). Finally, since Anyon concedes that he does ____________________ 2. Anyon also asserts that the revised program violates the eighth amendment prohibition against cruel and unusual punishment. This claim is without merit. -4- not meet the eligibility requirements of the revised rules, he no longer has any state created liberty interest in short- term release which would implicate the federal right to procedural due process. Likewise, the Transition Program rules are not in violation of the equal protection clause. The distinction in the revised rules between civilly committed patients under a criminal sentence and those who are not is rationally related to the legitimate state interest in ensuring the safety of the community. See Whiting v. Westerly, 942 F.2d 18, 23 (1st ___ _______ ________ Cir. 1991). Anyon's allegations that the Transition Program rules violate the double jeopardy and ex post facto clauses of the Constitution fail because both these clauses pertain only to punishments inflicted by the government. See, e.g., ___ ___ Helvering v. Mitchell, 303 U.S. 391, 398-99 (1938) (double _________ ________ jeopardy); Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325- ________ ________ 26 (1867) (ex post facto). The revised rules for short-term release, however, are not punitive but rather related to the state's concern for community safety. See United States v. ___ _____________ Halper, 490 U.S. 435, 448 (1989) (civil as well as a criminal ______ sanction constitutes punishment only when it serves aims of retribution or deterrence). As regards Anyon's allegation that he has been "punished" by being deprived of his previous right to participate in the short-term release program, -5- insofar as this is an allegation that he has been deprived of the adequate treatment required by the constitution and the federal consent decree, we think this concern is best addressed through an action to enforce the consent decree since that decree "'require[s] the provision of adequate treatment for [Treatment Center] patients' at a level [even] beyond that required by any applicable constitutional minima." Langton, 928 F.2d at 1217. Insofar as it is an _______ allegation that he has been deprived of treatment beyond that required by the constitution and the consent decree, the revised rules are not punitive but the "revocation of a privilege voluntarily granted." See Helvering, 303 U.S. at ___ _________ 399. As such, they do not implicate either the ex post facto or the double jeopardy clause.3 Finally, we find no error in the district court's failure to consider Anyon's claims that his rights under the applicable consent decree have been violated. The appropriate vehicle for enforcement of the consent decree is an action for contempt brought before the court responsible for the decree. See, e.g., DeGidio v. Pung, 920 F.2d 525, ___ ___ _______ ____ 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1123 _____ ________ (5th Cir. 1986). Allowing the decree to be challenged through an individual action for declaratory and injunctive ____________________ 3. We express no opinion as to whether or not Anyon's participation in the release program is within the scope of treatment required by the constitution or the consent decree. -6- relief "would tend to discourage governmental authorities from entering into decrees in public law litigation, encourage the splintering of civil rights claims on an individual basis, and promote disrespect for judicial decrees duly entered following careful proactive review of the often complex mix of individual and institutional considerations involved in such litigation." Miller v. Dept. of Correction, ______ ___________________ No. 91-2183, slip. op. at 15 (1st Cir., July 14, 1993). Affirmed. ________ -7-