T.C. Memo. 1996-257


UNITED STATES TAX COURT


JOHN R. LOUIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 5942-92, 5943-92.                    Filed June 4, 1996.


<u>Edward O.C. Ord</u>, for petitioner.

<u>David W. Sorensen</u>, for respondent.


MEMORANDUM OPINION

RAUM, <u>Judge</u>:  The Commissioner determined deficiencies in petitioner's income taxes and additions to tax for fraud as follows:

Docket No. 5943-92

| Year | Deficiency | Addition to Tax Sec. 6653(b) |
|------|-----------|------------------------------|
| 1976 | $1,448 | $724 |
| 1977 | 14,340 | 7,170 |

Docket No. 5942-92

| Year | Deficiency | Addition to Tax Sec. 6653(b) |
|------|-----------|------------------------------|
| 1978 | $74,609 | $37,305 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After stipulations by the parties, the remaining issue for decision is whether additions to tax for fraud under section 6653(b) violate the Double Jeopardy and Excessive Fines Clauses of the Fifth and Eighth Amendments where petitioner has been criminally convicted of tax evasion under section 7201 and has served jail time and paid fines pursuant to those convictions.

Petitioner, John R. Louis, was a resident of Modesto, California, at the time the petition in this case was filed. He was the subject of an investigation by a grand jury, based on information developed by the Criminal Investigation Division of the IRS.

On or about May 24, 1984, petitioner was indicted on two counts under section 7201[1] for the taxable years 1977 and 1978. After a jury trial of approximately a week, the jury reached a verdict of guilty on all counts. Petitioner was sentenced to 1 year in jail on Count I and 3 years on Count II, with the 3-year term on Count II suspended on condition that petitioner serve 5 years of probation, file truthful, timely tax returns, and cooperate fully with any requests made by the IRS. He was also fined $5,000 on each count. Petitioner has satisfied the sentence by payment of both fines in full, as well as serving the jail sentence and satisfactorily completing the probationary period.

The figures of omitted gross income and alleged unreported income tax liabilities that were developed and charged in the criminal prosecution indictment were also used in the statutory notices of deficiency that were issued for the taxable years 1976, 1977, and 1978. The IRS acknowledges that, to the extent that the investigation in this case occurred approximately 13 years ago, the records to show how much money the United States

---

[1] Section 7201 provided:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

spent to investigate and prosecute the petitioner's case are no longer in existence or are unretrievable.

Petitioner does not contest his liability for the 1976, 1977, and 1978 deficiencies. Nor does he contest his liability for the section 6653(b) additions to tax for fraud for those years on the merits. He instead contends that the section 6653(b) additions to tax violate the double jeopardy provisions of the Fifth Amendment and the excessive fines provisions of the Eighth Amendment.[2]

Section 6653(b) provides that "If any part of the underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment."[3] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

---

[2] As to 1976, decision will necessarily have to be entered for respondent regardless of the other 2 years, since the Fifth and Eighth Amendment arguments apply only to the sanctions imposed in the prosecutions, which related solely to 1977 and 1978. See Miller v. Commissioner, T.C. Memo. 1994-249 (to trigger double jeopardy analysis conduct must be subject of civil and criminal punishment).

[3] The revised fraud addition to tax now appears in secs. 6663 and 6651(f). Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, secs. 7721(a), 7741(a), 103 Stat. 2106, 2395, 2404. Current sec. 6663(a) states that "If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud."

In <u>Helvering v. Mitchell</u>, 303 U.S. 391 (1938), the Supreme Court in an income tax case held that civil fraud penalties are remedial in nature when imposed upon a taxpayer who has been tried, but not convicted, of criminal tax evasion. The Supreme Court subsequently held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as deterrent or retribution." <u>United States v. Halper</u>, 490 U.S. 435, 448-449 (1989). However, <u>Halper</u> involved medicare fraud under the Civil False Claims Act, and the First Circuit has made clear that "To use <u>Halper</u> as a base for vaulting into the tax arena would be to misapply the case and distort its holding." <u>McNichols v. Commissioner</u>, 13 F.3d 432, 435 (1st Cir. 1993), affg. T.C. Memo. 1993-61. And this Court has held that the imposition of section 6653(b) fraud additions after a taxpayer has been criminally convicted pursuant to section 7201 does not violate the Double Jeopardy Clause. <u>Ianniello v. Commissioner</u>, 98 T.C. 165, 183-185 (1992) ("The additions to tax for fraud are a stated percentage of the dollar amount of the tax deficiencies, and are therefore tailored to the severity of the violation. * * * Thus, unlike <u>United States v. Halper</u>, <u>supra</u>, the additions imposed against petitioners are rationally related to the governmental costs incurred by reason

of their fraudulent underpayments of tax."); Barnette v. Commissioner, 95 T.C. 341, 347-348 (1990).

Petitioner relies heavily upon the Supreme Court's recent opinion in Department of Revenue of Montana v. Kurth Ranch, 511 U.S. ___, 114 S. Ct. 1937 (1994), a case that does not involve Federal income taxes, but is concerned with a Montana forfeiture provision relating to dangerous drugs. Petitioner argues that Kurth Ranch has called into question the conclusion reached in Mitchell and the cases following it. Petitioner contends, relying upon Kurth Ranch, that since he has already been convicted under section 7201, paid $10,000 in fines, and served 1 year in jail and 5 years of probation, imposition of the section 6653(b) additions to tax for the years at issue would violate the Double Jeopardy Clause. However, Kurth Ranch did not overrule Mitchell, and until the Supreme Court does so, we must treat Mr. Justice Brandeis' opinion in Mitchell as the law of the land, notwithstanding petitioner's unfair characterization of Mitchell as "superannuated".

The purported applicability of Kurth Ranch to the section 6653(b) additions to tax has already been considered by this Court. In Ward v. Commissioner, T.C. Memo. 1995-286, it was held that Kurth Ranch did not change the status of the addition for fraud as remedial. "Thus, the imposition of a civil fraud penalty following the criminal conviction does not violate the Double Jeopardy Clause of the Fifth Amendment to the U.S.

Constitution." Ward v. Commissioner, supra (citing Ianniello v. Commissioner, 98 T.C. 165 (1992)). Kurth Ranch was also distinguished very recently in Price v. Commissioner, T.C. Memo. 1996-204, where this Court pointed out that the addition for civil fraud "was imposed primarily to protect the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 398, 401 (1938); Ianniello v. Commissioner, 98 T.C. 165, 176-185 (1992)."

Finally, two Courts of Appeals have even more recently rejected the contention that the so-called civil fraud penalty brings into play the double jeopardy provisions. In Grimes v. Commissioner, ___ F.3d ___, ___ (9th Cir., Apr. 17, 1996), the Ninth Circuit stated:

> Grimes argues that the imposition of fraud penalties renders the proceeding quasi-criminal. Two recent Supreme Court cases addressing the definition of "punishment" for the purposes of the Double Jeopardy Clause give this argument a superficial appeal. See Department of Revenue v. Kurth Ranch, 114 S. Ct. 1937, 1948 (1994) (finding that a Montana state tax on marijuana constitutes punishment); United States v. Halper, 490 U.S. 435 (1989) (the "civil" label does not determine whether a sanction is punishment).
>
> Both of these decisions, however, cite with approval Helvering v. Mitchell, [38-1 USTC ¶ 9152], 303 U.S. 391 (1938), where the Court found the Tax Code's civil fraud penalty remedial in nature and not punitive for double jeopardy purposes. See Kurth Ranch, 114 S. Ct. at 1946 n. 16; Halper, 490 U.S. at 442-43. [Fn. ref. omitted.]

Shortly thereafter, the Sixth Circuit in United States v. Alt, ___ F.3d ___ (6th Cir., May 15, 1996), explicitly recognized the continuing vitality of Helvering v. Mitchell, supra. The Sixth Circuit held that the award of tax penalties was not "punishment," explaining, at ___, that they are merely compensatory for lost tax revenue and that they are higher than the penalties for negligence because "actively fraudulent filings are more difficult to catch than merely negligent ones."

We hold that the additions to tax as applied to the petitioner do not result in double jeopardy.

We next turn to petitioner's Eighth Amendment argument. The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Petitioner contends that imposition of the additions to tax on top of his previous fines, prison sentence, and probation violates the Eighth Amendment prohibition of excessive fines. The taxpayers in Ianniello also asserted that their Eighth Amendment rights would be violated if they had to pay the additions to tax for fraud on top of their criminal fines and prison sentences. Ianniello v. Commissioner, supra. The Court held otherwise. "We already have held that petitioners' liability for Federal income tax deficiencies and additions to tax for fraud compensates the United States for lost revenues and costs incurred in investigating petitioners' fraud. Accordingly, the Eighth Amendment does not apply to petitioners'

liability for the Federal income tax deficiencies and the additions to tax for fraud imposed against petitioners under section 6653(b)."  Id. at 187.  The same reasoning applies here. Indeed, the Sixth Circuit's opinion in Alt disposed of the Eighth Amendment point summarily, stating at ___ F.3d ___, ___:

> Because we hold that the tax penalties awarded against Alt are not "punishment," there is no need to address Alt's claim that the penalties constitute an excessive fine under the Eighth Amendment.  Like the Double Jeopardy Clause, the Excessive Fines Clause only protects against "punishment," * * *  [citations omitted]

We hold that the petitioner's Eighth Amendment argument adds nothing to his case.

Decisions will be entered

for respondent.