**UNITED STATES of America**

v.

**Thomas Patrick WELCH.**

**Criminal No. 3:96CR35LS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 4, 1996.

Kathryn N. Nester, Kitchens & Ellis, Jackson, for Plaintiff.

James B. Tucker, U.S. Attorney's Office, Jackson, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on defendant Thomas Patrick Welch's appeal of Magistrate Judge James C. Sumner's order denying defendant's motion to dismiss the information pursuant to Rule 58(g)(2)(A) of the Federal Rules of Criminal Procedure. The court, having considered the submissions of the parties, now concludes that the order of the magistrate judge should be affirmed.

The parties agree that this case is controlled by the decision in *United States v. Halper*, 490 U.S. 435, 451, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487 (1989). Defendant asserts that because the penalties assessed against him pursuant to 26 U.S.C. § 6651(f) equaled approximately 74% of the taxes owing, they amounted to punishment and thus, the now-pending criminal prosecution constitutes double jeopardy. The government takes the position that the amounts assessed are "rationally related to the goal of making the government whole," and thus, do not amount to a second punishment for purposes of double jeopardy analysis. The court, however, agrees with the reasoning of the court in *United States v. Brennick*, 908 F.Supp. 1004, 1009–10 (D.Mass.1995), and finds that *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), and not *Halper*, controls the case at bar. The *Mitchell* Court

"upheld the imposition of civil tax penalties against a double jeopardy challenge." *Brennick*, 908 F.Supp. at 1008. In *Mitchell*, the defendant, having first been acquitted of willfully failing to pay income tax, was assessed "a civil penalty equal to fifty percent (50%) of the unpaid tax." In the face of the defendant's double jeopardy challenge, "the court held that the civil penalty was remedial, rather than punitive, and that the Double Jeopardy Clause, therefore did not apply." *Id.* In reaching its decision, the *Mitchell* Court found that the penalty was imposed "primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." *Id.* (quoting *Mitchell*, 303 U.S. at 403, 58 S.Ct. at 635).

In neither *Halper*, nor *Department of Revenue of Montana v. Kurth Ranch*,[1] 511 U.S. 767, 779 n. 16, 114 S.Ct. 1937, 1946 n. 16, 128 L.Ed.2d 767 (1994), did the Court question the reasoning of *Mitchell* or otherwise suggest either that "[*Mitchell*] was incorrectly decided, or that it would be decided differently today." *Id.* at 1009. In fact, both *Halper* and *Kurth Ranch* emphasized the anomalous nature "of the penalty and the tax involved, respectively, and clearly distinguished them from 'normal' cases." *Id.* Moreover, *Halper* and the more recent decision in *United States v. Ursery*, —— U.S. ——, —— – ——, 116 S.Ct. 2135, 2144–46, 135 L.Ed.2d 549 (1996) (finding that *Halper* analysis did not apply in cases of civil forfeiture), took great pains to stress that the *Halper* analysis applied in the "rare" case "where a *fixed-penalty* provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused' and where the civil penalty 'bears no rational relationship to the goal of compensating the Government for its loss.'" *Id.* (quoting *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902) (emphasis added).

---

1. The *Kurth Ranch* Court determined that a state tax imposed "on the possession and storage of dangerous drugs" was "fairly characterized as punishment." *Kurth Ranch*, 511 U.S. at 783–84, 114 S.Ct. at 1941, 1948. Despite Welch's assertion that the *Kurth Ranch* Court applied the same "punishment" analysis as employed in *Halper*, the *Kurth Ranch* Court explicitly stated that "*Halper*'s method of determining whether the exaction was remedial or punitive simply does not work in the case of a tax statute." *Id.* at 784, 114 S.Ct. at 1948 (interal quotations omitted).

The penalty in the case *sub judice* is not a "fixed-penalty" provision. Instead, the penalty under § 6651(f) is proportional to the taxes owing and like the penalties at issue in *Mitchell* "are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." *Mitchell,* 303 U.S. at 401, 58 S.Ct. at 634. Accordingly, the court concludes that penalties assessed against Welch pursuant to § 6651(f) did not amount to punishment and thus, the pending criminal prosecution cannot and does not constitute a second punishment in violation of the Double Jeopardy Clause.

Based on the foregoing, the decision of the magistrate judge is affirmed.