**Robert F. STAUFFER, Appellant,**

v.

**INTERNAL REVENUE SERVICE, Appellee.**

No. C–3–93–201.

United States District Court,
S.D. Ohio,
Western Division.

Dec. 18, 1996.

Chapter 13 case.

David Reynolds Schmidt, Dayton, OH, for appellant Robert F. Stauffer.

Pamela M. Stanek, United States Attorney's Office, Dayton, OH, Beverly Ann Ortega, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellee Internal Revenue Service.

## DECISION AND ENTRY AFFIRMING DECISION OF UNITED STATES BANKRUPTCY COURT; MATTER REMANDED TO SAID COURT FOR PURPOSE OF CALCULATING THE INTEREST UPON THE PREVIOUSLY ALLOWED AMOUNT OF IRS CLAIM; TERMINATION ENTRY

RICE, Chief Judge.

This case arises from circumstances surrounding appellant-debtor Robert Stauffer's ("Stauffer" or "debtor") misstatements and half-truths on his federal tax returns. On August 2, 1989, Stauffer was convicted of federal tax evasion, 26 U.S.C. section 7201. Stauffer was fined $10,000, ordered to pay the government's cost in prosecuting him and sentenced to four years probation. On May 1, 1990, Stauffer filed a voluntary petition for a Chapter 7 bankruptcy. Appellee Internal Revenue Service ("IRS") filed a Proof of Claim against Stauffer in the amount of $297,871.09.[1] Stauffer filed a motion for partial summary judgment contending that the IRS's claim violated the Double Jeopardy Clause. The bankruptcy court held that the civil tax fraud penalty did not violate the double jeopardy clause and denied this motion. The bankruptcy court entered a final order on April 7, 1993. It is from this order that Stauffer appeals. This court has jurisdiction over this appeal pursuant to 28 U.S.C. section 158(a).

### Standard of Review

The review of denials of summary judgment is *de novo*. See *Niecko v. Emro Marketing Co.*, 973 F.2d 1296, 1303 (6th Cir. 1992). For summary judgment to be granted "the pleadings, depositions, answers to

---

1. The penalties assessed against Stauffer encompassed the initial tax liabilities, failure to file tax returns, fraud, underpayment due to negligence, understating tax liability, and interest on all of those components through July 1, 1991. It is only the penalties for fraud and the interest thereon that are the subject of appeal in this case. Specifically, the IRS imposed a penalty equal to 50 percent of the debtor's underpayment for the years 1982, 1983 and 1984. With added interest, the total amount approximates 95 cents for every dollar Stauffer underpaid.

interrogatories, and admissions on file, together with affidavits, if any, [must] show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Niecko,* 973 F.2d at 1303–04 (quoting *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597 (6th Cir.1988). "If the facts in a case are undisputed, one of the parties is entitled to judgment as a matter of law." *Id.* at 1304. Since no facts are in dispute, the case was ripe for summary judgment. The question remaining, then, is whether the bankruptcy court's interpretation of the law was correct.

### Discussion

■ The Double Jeopardy Clause forbids, *inter alia,* "multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). Neither party disputes that Stauffer was punished once for his tax violations. The issue, rather, is whether the IRS's assessment of tax penalties as the basis for its Proof of Claim against debtor's estate is another "punishment." "A civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Halper,* 490 U.S. at 448, 109 S.Ct. at 1902.

In *Halper,* the defendant was a Medicare provider. Halper was convicted for sixty-five separate false billing claims to Medicare for a total loss to the government of $585. After being fined and sentenced to prison, the government then sued Halper under the civil False Claims Act to recover $130,000.[2] The Supreme Court held that such a civil penalty which is "more than 220 times greater than the Government's measurable loss [$585] qualified as punishment." *Id.* at 436, 109 S.Ct. at 1895.

In the present case, Section 6653(b) of Title 26 of the United States Code authorizes the IRS to assess a civil tax addition for fraudulent filing "equal to 75 percent of the portion of the underpayment which is attributable to fraud." [3]

■ Unfortunately for debtor, both the Supreme Court and the Sixth Circuit have held that civil tax additions for fraudulent filing serve only a remedial purpose and hence do not constitute "punishment" for purposes of the Double Jeopardy Clause. *See Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); *United States v. Alt,* 83 F.3d 779, 784 (6th Cir.1996); *see also McNichols v. C.I.R.,* 13 F.3d 432, 435 (1st Cir.1993) ("To use Halper as a base for vaulting into the tax arena would be to misapply the case and distort its holding."). As the Court in *Helvering* observed:

> The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and loss resulting from the taxpayer's fraud.

303 U.S. at 401, 58 S.Ct. at 634. Debtor is correct in pointing out that "when one of those imprecise formulas authorizes a supposedly remedial sanction that does not remotely approximate the Government's damages and actual costs, [then] rough justice bec[omes] clear injustice." *Halper,* 490 U.S. at 446, 109 S.Ct. at 1901. However, the Sixth Circuit has interpreted this same language to mean "that [the] only civil fraud penalties that constitute 'punishment' are those that do not remotely approximate the amount of money that the Government would be entitled to were it simply trying to recoup a loss." *Alt,* 83 F.3d at 782. Therefore, the application of the *Halper* decision is for only those "rare cases ... where a fixed-penalty

---

2. Under the civil False Claims Act a person in violation is "liable to the United States Government for a civil penalty of $2,000, an amount equal to 2 times the amount of damages the Government sustains because of the act of that person, and costs of the civil action." 31 U.S.C. section 3729. Since Halper committed sixty-five violations, the civil penalty was $130,000.

3. Prior to 1986, this section allowed the IRS to impose an addition equal to 50 percent of the portion of the underpayment which is attributable to fraud. In this case, for the years 1982, 1983 and 1984, the IRS imposed the maximum penalty of 50 percent.

provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902.

■■■■ Section 6653(b) of Title 26 of the United States Code provides that "[i]f any part of any underpayment ... of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud." In this case, the IRS has assessed Stauffer approximately ninety-five cents in penalties and interest for every dollar that he underpaid. In *Halper* the Court stated:

> [W]e have recognized that in the ordinary case fixed-penalty-plus-double-damages provisions can be said to do no more than make the Government whole.... We cast no shadow on these time-honored judgments.

*Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. "Since the Supreme Court has reaffirmed its holding that a hundred-percent penalty can be rationally related to the costs of catching and prosecuting fraud, we feel bound to hold that a eighty-one percent penalty can be as well." *Alt,* 83 F.3d at 783. The same is true of a ninety-five percent penalty, such as was imposed in this case. Since the civil tax fraud penalty imposed in this case is, if anything, less disproportionate than a hundred-percent penalty, the imposition of the civil tax fraud penalty is not a punishment for double jeopardy analysis.[4] Since there was no second punishment, there was no violation of the Double Jeopardy Clause when the IRS assessed additional taxes against the debtor.

### Conclusion

The decision of the bankruptcy court denying debtor's motion for partial summary judgment is AFFIRMED.

The captioned cause is remanded to the United States Bankruptcy Court for the purpose of calculating the interest upon the previously allowed amount of the IRS claim.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

**4.** Debtor seeks this court to also order the IRS to give an accounting of the government's damages and costs. However, when a court determines that a sanction appears to be a "punishment," only "then [is] the defendant entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment." *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. Since the court finds as a matter of law that the civil tax fraud penalty is not a "punishment," debtor is not entitled to an accounting of damages.